IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T
(Judge Francis M. Allegra)

DONALD L. DISMORE and BETTYE G. DISMORE

Plaintiffs,

v.

THE UNITED STATES, Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the Joint Preliminary Status Report:

¶ 4

**(a)** **Jurisdiction**:

**Plaintiff**: Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. §§1346(a)(1) and 1491(a). The jurisdictional issues raised by the defendant, particularly those related to the timeliness of the filing of Plaintiffs' refund claim and this suit, are based on the defendant's lack of information due to the IRS's destruction of Plaintiffs' administrative files. Plaintiffs have in their possession documents proving the timeliness of the filing of their refund claim and this suit. Those documents will be provided to defendant.

**Defendant**: In defendant's view, there are several questions regarding the Court's jurisdiction over plaintiffs' complaint, including: 1) whether plaintiffs filed their alleged claim for refund within 2 years after the day on which their alleged settlement was entered into, see 26 U.S.C. § 6230(c)(2)(B)(i);[1] 2) whether plaintiffs brought this suit after the expiration of 2 years from the date plaintiffs' alleged notice of claim disallowance was mailed, see 26 U.S.C. § 6230(c)(3); 3) whether plaintiffs' alternative claim seeks to litigate a partnership item (income), the treatment of which was determined by the decision of the United States Tax Court in *Coachella-85 Partners, Frederick H. Behrens, Tax Matters Partner v. Comm'r*, Docket No. 1862-01, entered on July 19, 2001, and, if so, whether plaintiffs are bound by that decision, see 26 U.S.C. §§ 6228(a)(4); 6230(c)(4); 4) whether plaintiffs' alternative claim seeks to litigate a partnership item (income) with respect to which plaintiffs did not timely request inconsistent treatment by filing an administrative adjustment request on Form 8082, see 26 U.S.C. § 6227(a); Treas. Reg. § 301.6227(c)-1T (effective for taxable years beginning prior to October 4, 2001); 5) whether plaintiffs brought their alternative claim before the date which is 2 years after the date of filing an administrative adjustment request seeking inconsistent treatment, see 26 U.S.C. § 6228(b)(2)(B)(i)(II). Discovery, including defense counsel's receipt of plaintiffs' alleged claim for refund, settlement agreement, and notice of claim disallowance, is required to resolve these potential jurisdictional hurdles.

[1]All statutory references to Title 26 of the United States Code are to the Internal Revenue Code of 1986, as in effect for the taxable year at issue.

**(b) <u>Consolidation</u>**: The parties do not believe this case should be consolidated with any other cases. However, the parties desire all AMCOR partnership cases, with the exception of those awaiting decision from Judge Wolski and those moving forward with Judge Allegra, be transferred to one judge.

**(c) <u>Bifurcation of liability and damages</u>**:

There are not distinct issues of “liability and damages” to be tried.

**(d) <u>Deferral of proceedings</u>**:

Further proceedings in this case should not be deferred.

**(e) <u>Remand or suspension</u>**:

Intentionally omitted as this case is a tax refund action.

**(f) <u>Additional parties</u>**: No additional parties will be joined.

**(g) <u>Dispositive motions</u>**:

**Plaintiff**: Plaintiffs believe that the gravamen of their claim, that they were entitled to an ordinary loss upon termination and dissolution of Coachella 85, is a question of law that can be decided on motion for summary judgment.

**Defendant**: The defendant may file a motion or partial motion to dismiss for lack of jurisdiction depending on what discovery reveals with respect to jurisdictional

questions, including those raised above in paragraph (a). Similarly, discovery may reveal the appropriateness of a summary judgment motion on essential elements of plaintiffs' claims, including those discussed below in paragraph (h), with respect to which there is no genuine issue of material fact.

**(h) Factual and legal issues**:

**Plaintiff:** Plaintiffs believe that once defendant receives Plaintiffs' copies of documents relevant to their claim that were destroyed by the IRS, there will be no material fact issues for trial and the only question will be whether the loss on termination and dissolution of the partnership should be allowed as an ordinary loss. Plaintiffs belief is based upon the hundreds of other similar refund claims filed by other AMCOR partners by Plaintiffs' counsel that the IRS has refused to allow as ordinary losses, but has promptly paid as capital losses upon re-submission of the same claim as a capital loss, without challenging the underlying facts of the claims.

**Defendant:** The ultimate issue in a tax refund suit is whether the taxpayers can establish that they overpaid their taxes for the year/s in suit. Other than that general statement, defendant's comments here are preliminary and subject to change based on discovery, particularly as defense counsel does not have plaintiffs' alleged settlement agreement, claim for refund, or notice of claim disallowance, and the IRS apparently no longer has much if not all of what used to be the relevant administrative file. Factual and legal issues include the jurisdictional questions described above in paragraph (a) and: 1) whether the basis plaintiffs allege in their alleged partnership interest in

Coachella-85 Partners can be established; 2) whether plaintiffs abandoned their alleged partnership interest in 1995 and, if so, whether they were relieved of any liability upon abandonment; 3) whether plaintiffs' alleged partnership interest was worthless in 1995 and, if so, whether they were relieved of any liability with respect to it in 1995; 4) whether plaintiffs received a distribution from Coachella-85 Partners upon alleged termination of the partnership; 5) whether any loss sustained by plaintiffs with respect to their alleged partnership interest in Coachella-85 Partners was incurred in a trade or business or in a transaction entered into for profit; 6) whether plaintiffs reported the income they allege should be reduced; 7) whether plaintiffs' alleged settlement agreement required reporting of the income plaintiffs claim they reported; 8) whether deductions disallowed by plaintiffs' alleged settlement agreement were recaptured and included in income on their 1995 return; 9) whether any offset applicable to plaintiffs' 1995 taxable year (for example, failure to report income required to be reported under their alleged settlement agreement) moots the question of whether any recovery is otherwise available; and 10) whether the requirements for having a net interest rate of zero applied have been satisfied.

**(i) Settlement**:

Settlement remains a possibility, but more facts are needed by defendant's counsel before it could proceed. Defendant's counsel has requested by letter facsimile dated August 23, 2005 certain informal discovery, including discovery necessary for defendant to evaluate any settlement offer plaintiffs' counsel may make. Plaintiffs' counsel is diligently attempting to comply with defense counsel's request.

The parties do not contemplate alternative dispute resolution at this time.

**(j) Trial**:

Plaintiffs do not believe that a trial will be necessary and that this case can be decided on motion/s for summary judgment.

In light of the factual issues related to plaintiffs' claims, defendant believes there is a real possibility of trial. The parties do not request an expedited trial schedule.

**(k) Electronic case management:**

There are no special issues regarding electronic case management needs.

**(l) Other information:** None.

¶ 5

**Discovery Plan:**

The parties recommend discovery be simultaneous and on all issues, and propose the following schedule:

– Close of Fact Discovery, March 10, 2006

– Summary Judgement Motions and/or Motions to Dismiss, on or before April 14, 2006 (with response/s and reply/ies due pursuant to RCFC 7.2(c)).

Plaintiffs' attorney has consented to defendant's attorney filing and signing this Joint Preliminary Status Report on his behalf. See CFC General Order 42A, Part IV, ¶ 18(2); CFC website, Electronic Filing, FAQ, Rules and Procedures #3.

Respectfully submitted,

09/06/2005 s/Thomas E. Redding by s/Bart D. Jeffress
Date

THOMAS E. REDDING
Redding & Associates, P.C.
P.O. Box 924328
Houston, Texas 77292-4328
(713) 965-9244
(713) 621-5227 (fax)

Attorneys for Plaintiffs

09/06/2005 s/Bart D. Jeffress
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
ELLEN C. SPECKER
Reviewer

09/06/2005 s/Ellen C. Specker
Date Of Counsel

Attorneys for Defendant