IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DONALD L. DISMORE and BETTYE G. DISMORE | § | |
| | § | |
| Plaintiffs | § | |
| | § | Docket No. 04-1787 |
| v. | § | Judge: Allegra |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant | § | |

**Plaintiffs' Response to Order**

Plaintiffs Donald L. Dismore and Bettye G. Dismore (the "Dismores") respectfully respond to the Court's Order of November 17, 2005 and would show as follows:

At the conference with the Court on October 5, 2005, the Dismores indicated that they would withdraw their alternative claim for refund of §§447/481 income after reviewing the file and consultation with senior counsel, Thomas Redding. This review and consultation was necessary because the determination of whether the AMCOR related §§447/481 claims will be pursued depends on the tax year and partnership at issue. But the information necessary to make the determination was not available during the October 5, 2005 conference.

There are forty-three AMCOR partnerships at issue in the refund suits filed in the various federal district courts and the Court of Federal Claims. Some, but not all, of the refund claims at issue in those suits have asserted claims for refund based on §§447/481 deferred income. The Dismores' refund claim and complaint includes such a claim.

Counsel for Redding & Associates, P.C., have made a determination to pursue some, but not all, of the AMCOR related §447/481 claims. That determination is based in part on an Internal

Revenue Service memorandum in which the IRS indicated that it will allow §§447/481 refund claims for twenty-six of the AMCOR partnerships for tax years 1995 and 1996. The portion of that memorandum given to Redding & Associates, P.C., by the IRS is attached as Exhibit "A." It was necessary for counsel to locate and review that IRS memorandum before making a final determination regarding the Dismores' §§447/481 claim.

The Dismores' alternative §§447/481 claim is for tax year 1995 and is for refund of the tax paid on the §§447/481 deferred income for Coachella-85 Partners that they recognized on their 1995 Form 1040. Coachella-85 is one of the twenty-six partnerships identified by the IRS in the memorandum. The memorandum indicates that the IRS agreed to allow $465,462.00 of the $694,720.00 in §§447/481 income reported by Coachella-84 for 1995. The Dismores held a .858% partnership interest in Coachella-85. Pursuant to the IRS memorandum, the Dismores are entitled to a refund of the tax paid on their share of the $465,462.00 of Coachella-85 deferred income for 1995.

Shortly before the October 5, 2005 conference, counsel for the Dismores had discussed the nature of the §§447/481 claims and the necessity for reviewing additional documentation before making final determinations on that issue with another counsel for the Department of Justice, Ms. Ellen Specker, in another pending case, *Weiner v. United States*, Docket No. 01-623. In that case, the IRS paid the §§447/481 refund, but not until after Weiner was forced to file suit pursuant to a previously issued notice of disallowance. In response to Weiner's request for an agreed dismissal, Ms. Specker has requested additional documentation, including the memorandum, and time to review that case before making a determination.

It is the Dismores' position that the IRS has previously agreed to the §§447/481 adjustment and a refund should be allowed in this case as they have been for Weiner and for numerous other

AMCOR partners in those twenty-six partnerships who were *not* forced to file suit to recover the tax paid on the deferred income for 1995 and 1996.

While the amount of the §§447/481 adjustment for the Dismores is relatively small, $3,993.00, the issue of these 1995 and 1996 §§447/448 refunds for the twenty-six identified partnerships is before the Court in this and other cases. If the government should reverse the IRS's position and deny these refunds in this litigation, dismissal of or concession of the §§447/481 in this case will only delay the ultimate resolution of this issue.

Counsel apologizes to the Court and opposing counsel for the delay in obtaining copies of the relevant memorandum. The delay was due to counsel's inability to locate copies of the memorandum, which were in files that had been packed and stored in anticipation of Hurricane Rita. Counsel also apologizes to the Court for not responding to two calls from the Court's clerk. Counsel has been out of the office for business and personal business for most of the past two weeks. During that time her assistant was also out due to previously scheduled vacation and due to family illness. Counsel did not receive notice of the Court's calls from the temporary receptionist until they were located Thursday - after the Court had issued its Order.

Respectfully,

/s/ Teresa J. Womack

Teresa J. Womack
Redding & Associates, P.C.
2419 W. T.C. Jester
Houston, Texas 77018
713-965-9244
713-621-5227 (Fax)
**Counsel for Donald L. Dismore and Bettye G. Dismore**

cc: Seigel
Schmidt
Sheptak/Rabinovitz (Fax)

7/31

# SOUTHERN CALIFORNIA APPEALS OFFICE

JERRY GOSSETT
INTERNAL REVENUE SERVICE
APPEALS OFFICE
24000 AVILA ROAD, SUITE 4404
LAGUNA NIGUEL, CA 92677
(714) 360-2943 FAX NUMBER: (714) 360-2925

## FACSIMILE COVER SHEET

This communication is intended for the sole use of the individual to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient or the employee or agent responsible for delivering the communication to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the communication to the above address via the United States Postal Service. Thank you.

Date: July 30, 1997

To: Jim Joseph @ (202) 942-5999

From: Jerry Gossett, Appeals Officer

Subject: IRC 447/481 figures for 1995 & 1996

Total number of pages (including this coversheet): 4

Comments:

Transmitted is a corrected list of IRC 447/481 figures for all affected partnerships and computations for the two flow-thru partnerships affected. These figures may be used by partners who settled and are entitled to file claims for the 1995 and/or 1996 years.

EXHIBIT "A"

AMCOR Partnership Cases – Amount of IRC section 447/481 deferred income reported in 1995 & 1996.
Prepared by Jerry Gossett, Laguna Niguel Appeals (714) 360-2931.

07/25/97
Files\Amcor\Sttlment\447List2.Wk3

| PARTNERSHIP | 1st YR. | EIN | 1995 "447/481" Income Reported by partnership | 1995 Partnership Income to reverse for Settlement * | 1996 "447/481" Income Reported by partnership | 1996 Partnership Income to reverse for Settlement * | 1997 "447/481" Income Reported by partnership | 1997 Ptrship Income to reverse for Settlement * |
|---|---|---|---|---|---|---|---|---|
| Agri-Cal Ventures Assoc. | 8611 | 33-0189461 | 2,931,444 | *** 2,110,640 | 2,931,442 | 2,110,638 | NONE | NONE |
| Agri-Venture Fund | 8512 | 33-0115708 | 2,734,709 | *** 1,832,255 | NONE | 0 | NONE | NONE |
| Agri-Venture - 1985 | 8512 | 33-0094110 | 1,451,114 | 972,246 | NONE | 0 | NONE | NONE |
| Canyon Desert Vineyards | 8512 | 33-0098216 | None after 1993 | 0 | None after 1993 | 0 | NONE | NONE |
| Coachella Fruit Growers | 8611 | 33-0191770 | 894,805 | 644,260 | NONE | 0 | NONE | NONE |
| Coachella-85 Partners | 8512 | 33-0122739 | 694,720 | 465,462 | NONE | 0 | NONE | NONE |
| Columbia Basin Growers | 8512 | 33-0117940 | None after 1993. | 0 | None after 1993 | 0 | NONE | NONE |
| Crop Associates - 1986 | 8612 | 33-0205104 | 1987 was final return. | 0 | 1987 was final return | 0 | NONE | NONE |
| Desert Highland Vineyards | 8512 | 33-0121107 | None after 1993 | 0 | None after 1993 | 0 | NONE | NONE |
| Dixie Ventures - 1985 | 8512 | 33-0099818 | None after 1994 | 0 | None after 1994 | 0 | NONE | NONE |
| Dixie Ventures - 1986 | 8611 | 33-0178161 | 185,987 | 133,911 | 185,987 | 133,911 | NONE | NONE |
| El Rancho Vineyards | 8512 | 33-0126524 | None after 1993 | 0 | None after 1993 | 0 | NONE | NONE |
| Emperor Seedless-85 | 8512 | 33-0112157 | None after 1993 | 0 | None after 1993 | 0 | NONE | NONE |
| Houston Farm Assoc. II | 8512 | 33-0112158 | 692,206 | 463,778 | NONE | 0 | NONE | NONE |
| Indio Date Associates | 8512 | 33-0119949 | 537,627 | 360,210 | 537,627 | 360,210 | NONE | NONE |
| IVA-1985 | 8512 | 33-0085123 | None after 1992 | 0 | None after 1992 | 0 | NONE | NONE |
| Rancho Calif. Partners | 8611 | 33-0175595 | 1989 was final return | 0 | 1989 was final return | 0 | NONE | NONE |
| Rancho Calif. Partners II | 8611 | 33-0190973 | 1,770,878 | 1,275,032 | 1,766,376 | 1,271,702 | NONE | NONE |
| Rancho Madera Partners | 8611 | 33-0176317 | None after 1993 | 0 | None after 1993 | 0 | NONE | NONE |
| Texas Farm Venturers | 8412 | 74-2339000 | 674,050 | 424,652 | NONE | 0 | NONE | NONE |
| USB-85 Associates | 8512 | 33-0120968 | 389,455 | 260,935 | NONE | 0 | NONE | NONE |
| USB-86 Associates | 8611 | 33-0195616 | 750,253 | 540,182 | 750,253 | 540,182 | NONE | NONE |
| U S Farm Partners-85 | 8512 | 33-0126490 | 1995 return not filed | 0 | NONE | 0 | NONE | NONE |
| U S Farm Partners-86 | 8611 | 33-0202577 | 395,008 | 284,406 | 395,008 | 284,406 | 395,008 | 284,406 |
| Vista Ag-Realty Partners | 8611 | 33-0194209 | 2,099,372 | 1,511,548 | NONE | 0 | NONE | NONE |
| Western Ag Venture | 8611 | 33-0169075 | 3,068,660 | 2,209,435 | NONE | 0 | NONE | NONE |

* Partnership settlement percentages: 1986 72%; 1985 67%; 1984 63%.
* To reverse partnership income, partners should use their first-year ownership percentage as shown on the schedule K-1 and multiply that times the amount shown in the column.
*** If you have agreed to all adjustments, including the flow-thru partnerships, use the figure on the attached "447 Income flow-thru" page.