No. 04-1787 T
(Judge Francis M. Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES FOR DISMISSAL OF PLAINTIFFS' §§ 447/481 ALTERNATIVE CLAIM AND BRIEF IN SUPPORT THEREOF

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580

**PAGE**

## TABLE OF CONTENTS

Motion of the United States for Dismissal of Plaintiffs' §§ 447/481 Alternative Claim . . . . . . . 1

Brief in Support of Motion of the United States for Dismissal of Plaintiffs' §§ 447/481 Alternative Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Question Involved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. RCFC 12(b)(1) Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. This Court lacks subject matter jurisdiction over the Dismores' §§ 447/481 alternative claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Appendix A:

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6227(a, c (title only), d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 6228(a)(1, 4), (b)(2)(A, B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§ 6230(c)(1)(B), (c)(3, 4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 7422(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Treasury Regulations (26 C.F.R.):

§ 301.6227(c)-1T (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 301.6231(a)(3)-1(a)(1)(i)(1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Appendix B (Separately Attached):

| <u>Exhibit</u> | <u>Description</u> |
|---|---|
| 1 | Materials Produced by Dismores' Counsel |
| 2 | Certified Copy of Petition for Adjustment of Partnership Items for C85 |
| 3 | Certified Copy of Decision in *Coachella - 85* |
| 4 | Certified Copy of Motion for Entry of Decisions in *Coachella - 85* |

**PAGE**

**TABLE OF AUTHORITIES**

**Cases:**

Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573 (Fed. Cir. 1993) . . . . . . . . . . . . . . . 6

Phillips v. Commissioner, 106 T.C. 176 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Prochorenko v. United States, 243 F.3d 1359 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . 7

Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . 6

Rocovich v. United States, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 6

Wall v. United States, 89 F.3d 848, 1996 WL 219611 (9th Cir. 1996)(unpublished opinion) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 6227 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 6228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 9
§ 6230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9
§ 6231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 7422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**Miscellaneous:**

Treas. Reg. (26 C.F.R.)
§ 301.6227(c)-1T (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 301.6227(d)-1 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
§ 301.6231(a)(3)-1(a)(1)(i) (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**

United States Court of Federal Claims Rules:
Rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T

Judge Francis M. Allegra

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

MOTION OF THE UNITED STATES FOR DISMISSAL OF PLAINTIFFS' §§ 447/481 ALTERNATIVE CLAIM

The United States moves pursuant to RCFC 12(b)(1) for dismissal of the Dismores' §§ 447/481 alternative claim. See Compl. [Doc. #1] ¶ 10D (page 3). This motion is accompanied by a brief setting forth in detail the grounds for this motion and supporting argument.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496

(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm________
Of Counsel

January 6, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T

Judge Francis M. Allegra

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

BRIEF FOR THE UNITED STATES IN SUPPORT OF ITS MOTION FOR DISMISSAL OF PLAINTIFFS' §§ 447/481 ALTERNATIVE CLAIM

STATEMENT OF QUESTION INVOLVED

Whether the Court has subject matter jurisdiction in this partner level proceeding to reduce Donald Dismore's distributive share of the 1995 partnership income of Coachella-85 Partners.

## I. Statement of the Case

Plaintiff Donald L. Dismore was a limited partner in Coachella-85 Partners ("C85"), a California limited partnership, from 1985 through 1995. See Compl. [Doc. #1] ¶ 6. For the taxable period ending on December 31, 1985, C85 reported ordinary loss deductions, of which Donald Dismore's distributive share was $77,985. See Compl. [Doc. #1] ¶¶ 10C, 10D (page 2-

3); Ex. 1, App. B at 5, 10, 13-14, 19. The Dismores reported the distributive share of C85 loss on their 1985 individual income tax return and used it to reduce their 1985 taxable income. See id.

For the taxable period ending on December 31, 1995, C85 reported ordinary income, of which Donald Dismore's distributive share was $13,449. See Compl. [Doc. #1] ¶ 10D (page 3); Ex. 1, App. B at 7. The 1995 income (and correspondingly Donald Dismore's distributive share of it) was an adjustment to recapture a portion of C85's 1985 loss deductions as a result of a change to C85's method of accounting. See 26 U.S.C. § 447, 481; Compl. [Doc. #1] ¶ 10D (page 3); Ex. 1, App. B at 5. The Dismores reported the distributive share of C85 income on their 1995 individual income tax return and paid tax on it. See Compl. [Doc. #1] ¶¶ 5, 10D (page 3); Ex. 1, App. B at 5.

On July 17, 1997, the Internal Revenue Service ("IRS") and the Dismores entered into a settlement agreement disallowing $31,890 of the $77,985 that the Dismores had reported as Donald Dismore's distributive share of C85's 1985 loss. See Ex. 1, App. B at 10, 13-19. The Dismores do not allege that the settlement encompassed C85's 1995 ordinary income (or Donald Dismore's distributive share of that income), and the settlement agreement explicitly cabins itself to partnership items for C85's 1985 taxable year, see id.

On March 30, 1999, the Dismores filed a claim for refund for their 1995 taxable year. See Compl. [Doc. #1] ¶¶ 8, 10 (preamble), 10D (page 3); Ex. 1, App. B at 1-21, 22-25?.[1] Relevant to the present motion, the Dismores asserted that their 1997 settlement disallowing a

[1] Exhibit 1 was provided to the United States by the Dismores' counsel. It is not clear to the United States what pages following page 21 of the exhibit were included in the March 30, 1999 claim for refund.

portion of Donald Dismore's distributive share of C85's 1985 loss should have triggered a corresponding reduction in Donald Dismore's distributive share of C85's 1995 income. See Ex. 1, App. B at 5, 9-14. The Dismores renew that claim here. See Compl. [Doc. #1] ¶ 10C, D (page 3). The Dismores allege that the 1995 income merely recaptured loss from C85's 1985 taxable year pursuant to 26 U.S.C. §§ 447, 481. See id. Thus, they reason, the distributive share of 1995 income they reported on their 1995 return was too high, because it included recaptured 1985 loss deductions that were subsequently disallowed under the 1997 settlement. See id. The Dismores conclude that they reported and paid tax on offset/recapture income in 1995 that ultimately was agreed to have no predecessor deduction. See id. They seek a refund of such 1995 tax here. This motion refers to this claim as the Dismores' §§ 447/481 alternative claim.

On February 9, 2001, pursuant to 26 U.S.C. § 6228(a), the tax matters partner of C85 filed in the United States Tax Court a petition for adjustment of C85's 1995 partnership items, *Coachella - 85 Partners, Frederick H. Behrens, Tax Matters Partner, Petitioner, v. Commissioner of Internal Revenue, Respondent,* Docket No. 1862-01, ("*Coachella - 85*"). See Ex. 2, App. B. Pursuant to 26 U.S.C. § 6228(a)(4), Donald Dismore was a party to *Coachella - 85*. The petition sought to eliminate all items of income and deduction on C85's return of partnership income for the taxable period ending December 31, 1995. See id. ¶ 8. On July 19, 2001, pursuant to an agreement between the IRS and C85's tax matters partner, the Tax Court entered its decision on the petition:

> ORDERED and DECIDED: That there are no adjustments to any partnership items with respect to Coachella-85 Partners for the taxable year 1995.

Ex. 3, App. B; see also Ex. 4, App. B.

On December 18, 2002, the IRS disallowed the Dismores' March 30, 1999 claim for

refund. See Compl. [Doc. #1] ¶ 9; Ex. 1, App. B at 28. On December 20, 2004, the Dismores filed the present suit.

## II. RCFC 12(b)(1) Standard

Jurisdictional challenges pursuant to RCFC 12(b)(1) take two forms, (1) legal/facial challenges to the assumed true factual jurisdictional allegations of the complaint and (2) factual challenges to one or more of the jurisdictional facts alleged in it. See e.g. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988). The former entitles the plaintiff to the assumption that alleged jurisdictional facts are true and correct and liberal construction of them in plaintiff's favor. There is, however, no presumption in plaintiff's favor when there is a dispute over the jurisdictional facts plaintiff has alleged. Rather, the court is permitted to receive and weigh evidence to resolve disputed jurisdictional facts, and the burden is on the plaintiff to establish subject matter jurisdiction by a preponderance of evidence after opportunity to be heard. See e.g. Rocovich v. United States, 933 F.2d 991, 993-94 (Fed. Cir. 1991); Reynolds, 846 F.2d at 747-48.

The United States in the present motion raises a legal challenge to the facts pertaining to the Court's jurisdiction over the Dismores §§ 447/481 alternative claim. The facts are reflected in plaintiffs' complaint, plaintiffs' March 30, 1999 claim for refund, and in Tax Court documents submitted with this motion by the United States. In the unlikely event that plaintiffs challenge any of these matters, the Court may resolve disputed facts as is proper on a RCFC 12(b)(1) motion.

**III. This Court lacks subject matter jurisdiction over the Dismores' §§ 447/481 alternative claim.**

26 U.S.C. § 7422(h) provides:

> No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c).

This provision prohibits refund suits contesting partnership items unless they fall within one of the two stated exceptions. See Prochorenko v. United States, 243 F.3d 1359, 1362-63 (Fed. Cir. 2001) (2-1 decision). The Dismores' §§ 447/481 alternative claim asks the Court to reduce Donald Dismore's distributive share of the 1995 partnership income of C85. Partnership income and a partner's distributive share of that income are partnership items as defined by 26 U.S.C. § 6231(a)(3). See 26 U.S.C. § 702; Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) (1986). Accordingly, this Court is without jurisdiction over the Dismores' claim unless it qualifies under an exception provided in either 26 U.S.C. § 6228(b) or 26 U.S.C. § 6230(c).

Section 6228(b) provides for the judicial review of an administrative adjustment request filed by a partner pursuant to 26 U.S.C. § 6227(d). Such request asks the IRS to adjust partnership items for a partnership taxable year and, among other requirements, it must be filed on IRS Form 8082 (Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR)) and with an amended income tax return on which the partner computes the amount by which the partner's tax liability should be adjusted if the request is granted. See 26 U.S.C. § 6227(a); Treas. Reg. § 301.6227(c)-1T (1987);[2] Phillips v. Commissioner, 106 T.C.

[2] For partnership taxable years beginning on or after October 4, 2001, see Treas. Reg. § 301.6227(d)-1 (2001).

176, 180-81 (1995).[3] If the IRS fails to allow any part of the request, the partner may sue for a refund based on the request but must do so before the date which is two years after the date of filing of it. See 26 U.S.C. § 6228(b)(2)(B)(i)(II).

The Dismores do not allege, and the United States has no record, that they filed an administrative adjustment request seeking a downward adjustment of Donald Dismore's distributive share of C85's 1995 partnership income. The Dismores' March 30, 1999 claim for refund does not constitute such a request, since they did not submit a Form 8082 and a computation of the amount by which the Dismores' tax liability should be adjusted if Donald Dismore's distributive share of C85's 1995 partnership income is reduced. See Ex. 1, App. B at 1-21/25. In addition, even if the March 30,1999 refund claim were deemed an administrative adjustment request, the period for filing a refund action based on it expired on March 30, 2001, more than three years prior to the filing of the present suit. Thus, the Dismores' §§ 447/481 alternative claim cannot escape the jurisdictional bar of 26 U.S.C. § 7422(h) via 26 U.S.C. § 6228(b).

Likewise, the exception provided in 26 U.S.C. § 6230(c) does not apply to give the Court jurisdiction. Section 6230(c) provides for claims for refund on a variety of grounds related to partnership items, but strictly limits the scope of judicial review of disallowed claims:

> NO REVIEW OF SUBSTANTIVE ISSUES. – For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of

---

[3] In an unpublished opinion, a panel of the Ninth Circuit Court of Appeals has held that failure to file Form 8082 did not preclude deeming a filed amended return an administrative adjustment request where the taxpayer otherwise substantially complied with the procedures governing such requests. See Wall v. United States, 89 F.3d 848, 1996 WL 219611 (9th Cir. 1996)(unpublished opinion).

> the court [in an action brought under ... section 6228(a)] (whichever is appropriate) shall be conclusive. ...

26 U.S.C. § 6230(c)(4). In essence, judicial review is not permitted to disturb a prior partnership return, settlement, final partnership administrative adjustment, or court decision.

Here, there has been both a partnership return and a decision by the Tax Court with respect to the 1995 income of the C85 partnership distributed to the partners. Donald Dismore's entire distributive share of C85's 1995 ordinary income was reported on C85's 1995 partnership return. In *Coachella - 85*, an action brought by the tax matters partner of C85 pursuant to 26 U.S.C. § 6228(a), the Tax Court entered a decision ordering that no adjustments be made to that reporting. Donald Dismore was a party to *Coachella - 85* under 26 U.S.C. § 6228(a)(4).[4] Accordingly, the Court has no power to reduce Donald Dismore's distributive share of C85's 1995 income, as sought in the Dismore's §§ 447/481 alternative claim. Reduction would eviscerate C85's treatment of the income on its 1995 partnership return and overturn the Tax Court's decision ordering that the treatment remain undisturbed. The Court is prohibited from taking either action under 26 U.S.C. § 6230(c)(4).[5]

---

[4] There has been no settlement between the IRS and the Dismores and no final partnership administrative adjustment with respect to Donald Dismore's distributive share of C85's 1995 ordinary income.

[5] The Dismores' claim for refund and complaint suggest that they will argue that their alleged overpayment in 1995 is "attributable to the application to [Donald Dismore] of [the] settlement [of C85's 1985 loss deductions]." 26 U.S.C. § 6230(c)(1)(B). As set forth supra, the Dismores reason that their 1997 settlement of C85's 1985 loss should have caused a reduction in Donald Dismore's reported distributive share of C85's 1995 income because such income merely recaptured C85's 1985 loss. This argument must fail. As stated supra, the bar of 26 U.S.C. § 6230(c)(4) explicitly prohibits the Court from overturning the treatment of Donald Dismore's distributive share of C85's 1995 income on C85's 1995 partnership return or the Tax Court's ruling that such share remain undisturbed. The settlement provision of 26 U.S.C. § 6230(c)(4) is inapplicable because the Dismores' settlement of C85's 1985

Accordingly, there is no subject matter jurisdiction over the Dismores' §§ 447/481 alternative claim to reduce Donald Dismore's distributive share of C85's 1995 income.

**IV. Conclusion**

For the foregoing reasons, the Dismores' §§447/481 claim should be dismissed.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

January 6, 2006

deductions explicitly cabined itself to 1985 partnership items and included no provision regarding C85's 1995 partnership income.

# APPENDIX A

**Internal Revenue Code of 1986 (26 U.S.C.):**

**SEC. 6227. ADMINISTRATIVE ADJUSTMENT REQUESTS.**

(a) GENERAL RULE.– A partner may file a request for an administrative adjustment of partnership items for any partnership taxable year at any time which is –

(1) within 3 years after the later of –

(A) the date on which the partnership return for such year is filed, or

(B) the last day for filing the partnership return for such year (determined without regard to extensions), and

(2) before the mailing to the tax matters partner of a notice of final partnership administrative adjustment with respect to such taxable year.

* * * * * *

(c) REQUESTS BY TAX MATTERS PARTNER ON BEHALF OF PARTNERSHIP.–

* * * * * *

(d) OTHER REQUESTS.– If any partner files a request for an administrative adjustment (other than a request described in subsection (c)), the Secretary may –

(1) process the request in the same manner as a claim for credit or refund with respect to items which are not partnership items,

(2) assess any additional tax that would result from the requested adjustments,

(3) mail to the partner, under subparagraph (a) of section 6231(b)(1)(relating to items becoming nonpartnership items), a notice that all partnership items of the partner for the partnership taxable year to which such request relates shall be treated as nonpartnership items, or

(4) conduct a partnership proceeding.

* * * * * *

**SEC. 6228. JUDICIAL REVIEW WHERE ADMINISTRATIVE ADJUSTMENT REQUEST IS NOT ALLOWED IN FULL.**

(a) REQUEST ON BEHALF OF PARTNERSHIP.–

(1) IN GENERAL.– If any part of an administrative adjustment request filed by the tax matters partner under subsection (c) of section 6227 is not allowed by the Secretary, the tax matters partner may file a petition for an adjustment with

respect to the partnership items to which such part of the request relates with –

(A) the Tax Court,

(B) the district court of the United States for the district in which the principal place of business of the partnership is located, or

(C) the Court of Federal Claims.

* * * * * *

(4) PARTNERS TREATED AS PARTY TO ACTION.–

(A) IN GENERAL.– If an action is brought by the tax matters partner under paragraph (1) with respect to any request for an adjustment of a partnership item for any taxable year–

(i) each person who was a partner in such partnership at any time during the partnership taxable year involved shall be treated as a party to such action, and

(ii) the court having jurisdiction of such action shall allow each such person to participate in the action.

(B) PARTNERS MUST HAVE INTEREST IN OUTCOME.– For purposes of subparagraph (A), rules similar to the rule of paragraph (1) of section 6226(d) shall apply.

* * * * * *

(b) OTHER REQUESTS.–

* * * * * *

(2) OTHER CASES.–

(A) IN GENERAL.– If the Secretary fails to allow any part of an administrative adjustment request filed under subsection (d) of section 6227 by a partner and paragraph (1) does not apply–

(i) such partner may, pursuant to section 7422, begin a civil action for refund of any amount due by reason of the adjustments described in such part of the request, and

(ii) on the beginning of such civil action, the partnership items of such partner for the partnership taxable year to which such part of such request relates shall be treated as nonpartnership items for purposes of this subchapter.

(B) PERIOD FOR FILING PETITION.–

(i) IN GENERAL.– An action may be begun under subparagraph (A) with respect to an administrative adjustment request for a partnership taxable year only–

(I) after the expiration of 6 months from the date of

filing of the request under section 6227, and

(II) before the date which is 2 years after the date of filing of such request.

(ii) EXTENSION OF TIME.– The 2-year period described in subclause (II) of clause (i) shall be extended for such period as may be agreed upon in writing between the partner and the Secretary.

*    *    *    *    *    *

**SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS**

*    *    *    *    *    *

(c) CLAIMS ARISING OUT OF ERRONEOUS COMPUTATIONS, ETC.--

(1) IN GENERAL.– A partner may file a claim for refund on the grounds that–

*    *    *    *    *    *

(B) the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the applicatioin to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a)....

*    *    *    *    *    *

(3) SUIT IF CLAIM NOT ALLOWED.– If any portion of a claim under paragraph (1) is not allowed, the partner may bring suit with respect to such portion within the period specified in subsection (a) of section 6532 (relating to periods of limitations on refund suits).

(4) NO REVIEW OF SUBSTANTIVE ISSUES.– For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the court (whichever is appropriate) shall be conclusive. In addition, the determination under the final partnership administrative adjustment or under the decision of the court (whichever is appropriate) concerning the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item shall also be conclusive. Notwithstanding the preceding sentence, the partner shall be allowed to assert any partner level defenses that may apply or to challenge the amount of the computational adjustment.

* * * * * *

**SEC. 7422. CIVIL ACTIONS FOR REFUND**

* * * * * *

(h) SPECIAL RULE FOR ACTIONS WITH RESPECT TO PARTNERSHIP ITEMS.– No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c).

* * * * * *

**Treasury Regulations (26 C.F.R.):**

**§ 301.6227(c)-1T (1987)** Administrative adjustment request filed on behalf of a partner (Temporary).

A request for an administrative adjustment on behalf of a partner shall be filed on the form prescribed by the Service for that purpose in accordance with the instructions accompanying that form. Except as otherwise provided in the instructions accompanying that form, the request shall- -

(a) Be filed in duplicate, the original copy filed with the partner's amended income tax return (on which the partner computes the amount by which the partner's tax liability should be adjusted if the request is granted) and the other copy filed with the service center where the partnership return is filed,

(b) Identify the partner and the partnership by name, address, and taxpayer identification number,

(c) Specify the partnership taxable year to shich the administrative adjustment request applies,

(d) Relate only to partnership items, and

(e) Related only to one partnership and one partnership taxable year.

**§ 301.6231(a)(3)-1 (1986)** Partnership items.

(a) In general. For purposes of subtitle F of the Internal Revenue Code of 1954, the following items which are required to be taken into account for the taxable year of a partnership under subtitle A of the Code are more appropriately determined at the

partnership level than at the partner level and, therefore, are partnership items:

(1) The partnership aggregate and each partner's share of each of the following:

(i) Items of income, gain, loss, deduction, or credit of the partnership....