No. 04-1787 T
(Judge Francis M. Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# POST-ORAL ARGUMENT SUPPLEMENTAL BRIEF

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6580

**Page**

## INDEX

Post-Oral Argument Supplemental Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Question Presented and Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Section 6230(c)(1)(B) does not apply to plaintiffs' §§ 447/481 claim . . . . . . . . . . . . . . . . . . . 4

A. The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1. Doctrinal Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2. The "Settlement" Contemplated by § 6230(c)(1)(B) . . . . . . . . . . . . . . . . . . 5

B. Plaintiffs' 1997 settlement agreement does not, as a factual or legal matter, reduce C85's 1995 partnership income or plaintiffs' distributive share of it, and thus does not cause an overpayment of plaintiffs' 1995 taxes . . . . . . . . . . . . . . . . . . . 8

1. Plaintiffs' §§ 447/481 claim cannot be brought under § 6230(c)(1)(B) . . 8

2. The Dismores' 1997 settlement did not, as a factual or legal matter, "affect" C85's 1995 partnership income . . . . . . . . . . . . . . . . . . . . . . . . . . 9

a. Plaintiffs' "affected item" legal theory contravenes the Congressional intent codified in § 6221 . . . . . . . . . . . . . . . . . . . . 11

b. Plaintiffs' theory produces absurd results at odds with Congressional intent underlying TEFRA . . . . . . . . . . . . . . . . . . 12

III. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Appendix:

Exhibit 1. Certified Copy of Petition for Readjustment of Partnership Items Under Code Section 6226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Exhibit 2. Standard Form 870-P(AD) Partial Settlement of C85's 1985 Partnership Items . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**Page**

## CITATIONS

**Cases:**

*Anderson v. United States*, 1993 WL 204605 (N.D.Cal. June 3, 1993) . . . . . . . . . . . . . . 5

*Kaplan v. United States*, 133 F.3d 469 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Olson v. United States*, 172 F.3d 1311 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Prochorenko v. United States*, 243 F.3d 1359 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . 5

*Roberts v. Commissioner*, 94 T.C. 853 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1- 4, 8-10, 15
§ 481 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1- 4, 7, 9, 15
§ 6221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 14
§ 6222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
§ 6223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
§ 6224 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
§ 6226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-8 ,10, 12-14
§ 6228 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-8, 10, 14
§ 6230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-9, 12-15
§ 6231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 14
§ 6511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
§ 7422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 15

Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248,
96 Stat. 324. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Miscellaneous:

H.R. Conf. Rep. No. 97-760 (1982), *reprinted in* 1982-2 C.B. 600 . . . . . . . . . . . . 5, 7, 11

Treasury Regulations § 301.6231 (26 C.F.R.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T
(Judge Francis M. Allegra)

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

POST-ORAL ARGUMENT SUPPLEMENTAL BRIEF[1]

## I. Question Presented and Introduction

The legal question presented after oral argument is: whether settlement of a partnership item in one year, where the settlement agreement encompasses only that item and year, can settle *sub silentio* a partnership item in a subsequent year as an affected item at the partner level. The answer is no, it cannot. Among other reasons, to permit automatic chain reaction settlements of partnership items at the affected item partner level would contravene a basic purpose for which Congress enacted unified partnership provisions, that the tax treatment of partnership items be determined at the partnership level.

At issue is whether the Court lacks subject matter jurisdiction over plaintiffs' §§ 447/481

[1] This supplemental brief is submitted in addition or in the alternative to all arguments previously raised by defendant in briefing and at oral argument. No previous arguments are withdrawn. References herein to sections (or "§") are to the Internal Revenue Code, codified in Title 26 of the United States Code, as amended and in effect during the relevant period.

claim. The claim seeks a refund of 1995 taxes. It asks the Court to reduce the distributive share of the 1995 partnership income of Coachella-85 Partners ("C85") that plaintiffs allegedly reported on their 1995 tax return. Partnership income and a partner's distributive share of partnership income are both partnership items as defined in § 6231(a)(3), and suits seeking refunds attributable to partnership items are barred under § 7422(h) unless fitting within one of two limited exceptions. The first exception, set forth in § 6228(b), is, as conceded by plaintiffs, inapplicable here. Thus, plaintiffs' §§ 447/481 claim can only survive the bar of § 7422(h) if it falls within the second exception, which is set forth in § 6230(c) and encompasses only specified refund claims.

Oral argument on defendant's motion to dismiss plaintiffs' §§ 447/481 claim focused the jurisdictional inquiry on the refund claims permitted to be filed under § 6230(c)(1)(B), and the definition of "affected item" in § 6231(a)(5). Section 6230(c)(1)(B) provides in pertinent part:

> A partner may file a claim for refund on the grounds that . . . the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a).

"Affected item" is defined in § 6231(a)(5) as "any item to the extent such item is affected by a partnership item." At the end of the argument, the Court ordered supplemental briefing on both issues. *See* Tr. [Doc. #35] at104:22-106:20. The Court's subsequent order instructs the parties to "explore . . . [t]he application of I.R.C. § 6230(c)(1)(B) to this case; and . . . [t]he definition of an affected item under I.R.C. § 6231(a)(5), and its application to this case." Order [Doc. #33].

As elaborated below, the exception in § 6230(c)(1)(B) to the bar of § 7422(h) against litigating partnership items in a tax refund suit does not apply to plaintiffs' § 447/481 claim. For

the exception to apply by reason of "application to the partner of a settlement" in this case, that application must cause a reduction in plaintiffs' reported 1995 C85 partnership income and correspondingly an overpayment of 1995 taxes. The only settlement agreement in the record is a partial settlement executed in 1997 between plaintiffs and the Internal Revenue Service ("IRS") of certain of C85's partnership items for the 1985 tax year. The agreement unambiguously cabined itself to certain of C85's 1985 partnership items and made no mention of any tax year other than 1985. Thus, as a factual matter, the agreement did not reduce C85's 1995 partnership income and plaintiffs' distributive share of it.

Also, as a matter of law, the partial settlement of C85's 1985 partnership items cannot reduce C85's 1995 partnership income. Indeed, the settled 1985 items included disallowed 1985 partnership losses, and, at the time of that settlement (in 1997), C85 had already recaptured and reported a portion of such losses as 1995 partnership income pursuant to §§ 447, 481. Thus, plaintiffs posit that the 1995 partnership income is a partner level "affected item" that was reduced *sub silentio* as a matter of law, when the IRS and plaintiffs agreed to a partial disallowance of the recaptured 1985 losses. Plaintiffs' position, if accepted, would violate an express foundational purpose for Congress' enactment of unified partnership proceedings in TEFRA:[2] "Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level." § 6221. This is because plaintiffs' position requires settlement of a partnership item at the partner level as an affected item. But permitting a partnership item for one year (1995 income) to be settled at the partner level as an affected item

[2] Tax Equity and Fiscal Responsibility Act of 1982 , Pub. L. No. 97-248, § 402(a), 96 Stat. 324, 648-671.

of a partnership item of a previous year (1985 loss) would contravene the basic mandate that partnership items be determined at the partnership level. And no provision is "otherwise provided" in subchapter C of Chapter 63 of the Internal Revenue Code for a partnership item determination at the partner level as an affected item.

## II. Section 6230(c)(1)(B) does not apply to plaintiffs' §§ 447/481 claim.

### A. The Statute

#### 1. Doctrinal Summary

Section 6230(c)(1)(B), (3) identifies certain types of narrow partner level refund claims that may be filed, and, if disallowed, may be pursued in partner level tax refund suits. The claims are permitted where 1) a partnership item settlement, an IRS' adjustment to a partnership's partnership items (a "final partnership administrative adjustment" (or "FPAA")), or a judicial decision in a partnership level suit causes a tax overpayment when applied to a partner of the partnership; and 2) the IRS fails to credit or refund the overpayment to the partner:

> A partner may file a claim for refund on the grounds that ... the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a).

§ 6230(c)(1)(B). These claims are premised on partnership level determinations of partnership items. As such, they are governed by a set of rules that apply, where a claimed refund or credit is "attributable to partnership items," in lieu of the normal provisions governing refund claims. *See* §§ 6230(d)(6), 6511(g). If the IRS disallows a claim brought under § 6230(c)(1)(B), the partner may file a tax refund suit based on the claim. § 6230(c)(3). While the foregoing claims

are permitted and the foregoing suit is excepted from the prohibition of § 7422(h) against refund suits attributable to partnership items, what a partner may challenge in such claim or suit is strictly limited. Section 6230(c)(4) prohibits the IRS or a reviewing court from adjusting the treatment of partnership items on a partnership return, under a partnership item settlement, a FPAA, or a judicial decision in a partnership proceeding, whichever is appropriate. In sum, §§ 6230(c)(1)(B), (c)(3) permit a partner to enforce the application of previous partnership level final determinations at the partner level, if the determinations are binding on both the IRS and the partner, and the IRS refuses to honor or mistakenly applies them. *See* Conf. Rep. No. 97-760, at 607 (1982), *reprinted in* 1982-2 C. B. 600, at 666; *Prochorenko v. United States*, 243 F.3d 1359, 1367 (Fed. Cir. 2001) (Bryson, J., dissenting) (discussing application of § 6230(c)(1)(B) in the context of a partnership item settlement);[3] *Anderson v. United States*, 1993 WL 204605, No. C-91-3523 MHP, at * 5-7 (N.D.Cal. June 3, 1993).

### 2. The "Settlement" Contemplated by § 6230(c)(1)(B)

At oral argument, a question arose whether the "settlement" spoken of in § 6230(c)(1)(B) is any settlement that determines partnership items, or only a "settlement . . . in an action brought under section 6226 or section 6228(a)." The Court need not resolve this question, because plaintiffs' 1997 settlement of certain of C85's 1985 partnership items arose out of a § 6226 proceeding.[4]

---

[3] The *Prochorenko* majority opinion did not reach the subject matter discussed in the cited portion of Judge Bryson's dissenting opinion.

[4] Plaintiffs reported a distributive share of C85's 1985 loss deductions on their 1985 individual income tax return, and used it to reduce their 1985 taxable income. *See* Mot. [Doc.

It is our position, however, that the refund claim provisions in § 6230(c)(1)(B) permit enforcement of a partnership item settlement agreement entered at the partnership level between a partner and the IRS, notwithstanding that the agreement is entered before or in lieu of an action brought under § 6226 or § 6228(a). This conclusion is suggested by the text of § 6230(c)(1)(B), which equates "settlement," "FPAA," and "decision," since a FPAA is not issued "in an action brought under section 6226 or section 6228(a)." It precedes the former action (*see* § 6226(a), (b)), and, if issued, generally precludes the latter one (*see* § 6228 (a)(3)).

This conclusion is also suggested by § 6224(c), particularly as read in light of § 6226 and § 6228. Under § 6224(c)(1), the IRS may enter into a settlement agreement with one or more partners "with respect to the determination of partnership items for any partnership taxable year." Such agreement can be entered even prior to the mailing of a FPAA, and potentially gives rise to consistent settlement rights. *See* § 6224(c)(2). Like FPAAs and proceedings under §§ 6226, 6228(a), a § 6224(c) settlement makes a "determination of partnership items." *See* §§ 6226(f), 6228(a)(5). Similarly, partners are the "parties" to a § 6224(c) settlement, just as it is partners to whom a FPAA is mailed (*see* § 6223(d)), who petition for readjustment of an FPAA and are treated as parties to a § 6226 proceeding (*see* § 6226(a), (b), (c)), and who file adjustment petitions and are treated as parties to a § 6228 proceeding (*see* § 6228(a)(1), (4)).

---

#25] at 3-4. On April 10, 1991, the IRS issued a FPAA to C85, disallowing the loss deductions C85 had reported on its 1985 return of partnership income. *See* Ex. 1, App. at 14-21. On July 10, 1991, a notice partner of C85 filed in the United States Tax Court a petition for readjustment contesting the adjustments made in the FPAA, *Coachella-85 Partners, Daniel F. Vreeland, A Partner Other Than the Tax Matters Partner, Petitioner, v. Commissioner of Internal Revenue, Respondent*, Docket No. 15057-91, ("*Coachella-85*"). *See* Ex. 1, App. at 1-21. Donald Dismore was a party to *Coachella-85*. *See* § 6226(c). While *Coachella-85* was proceeding in the Tax Court, the IRS and the Dismores entered on July 17, 1997, into a partial settlement agreement with respect to C85's 1985 partnership items. *See* Mot. [Doc. #25] at 4.

Section 6230(c)(1)(B) equates the foregoing methods of determining partnership items. It therefore comports with the statutory scheme to permit enforcement at the partner level, via § 6230(c)(1)(B), of partnership item determinations at the partnership level, whether determined by FPAA, settlement, or §§ 6226, 6228(a) proceedings.[5]

As for the legislative history, the relevant conference report includes only one sentence explicitly referring to the content of a refund claim under § 6230(c)(1)(B): "A claim may also be based on a failure to allow a refund or credit in the proper amount." Conf. Rep. No. 97-760, at 607 (1982), *reprinted in* 1982-2 C. B. 600, at 666. It appears that this sentence is complemented by the previous sentence's description of a refund claim under § 6230(c)(1)(A)(ii) (the language of which closely approximates the language of § 6230(c)(1)(B) at issue here): "A claim may be filed on the ground that there was an erroneous computation of the adjustment necessary . . . (ii) to apply to the partner a settlement, a FPAA, or a final court decision relating to the treatment of partnership items." *Id.*. We think the language "relating to the treatment of partnership items" refers to each of the three identified actions -- settlement, FPAA, or court decision -- and that, with respect to "decision," the language was particularized in the statute as "in an action brought under section 6226 or section 6228(a)."

---

[5] In this regard, it bears noting that plaintiffs' 1997 settlement was a § 6224(c) settlement. *See* Mot. [Doc. #25] Ex. 1, App. B at 10. The issue may have been clouded here as a result of the missing second page to plaintiffs' 1997 settlement agreement for the 1985 tax year. *See* Reply [Doc. #31] at 5 n.2. Solely for the purpose of illustrating the format of a standard Form 870-P(AD) partial settlement of C85's 1985 partnership items, we attach as Exhibit 2 to this brief a copy of one. *See* Ex. 2, App. at 22-23. Page two of the copy reveals that the agreement makes only partnership level determinations. It settles only certain of C85's 1985 partnership items. It does not apply the partnership level determinations to the individual settling partner's 1985 return. Such partner level application is performed after the partnership level settlement, as memorialized, for example, in a notice of computational adjustment mailed to the settling partner. *See e.g.* Mot. [Doc. #25] Ex. 1, App. B at 13-19.

**B. Plaintiffs' 1997 settlement agreement does not, as a factual or legal matter, reduce C85's 1995 partnership income or plaintiffs' distributive share of it, and thus does not cause an overpayment of plaintiffs' 1995 taxes.**

**1. Plaintiffs' §§ 447/481 claim cannot be brought under § 6230(c)(1)(B).**

Section 6230(c)(1)(B) does not apply to plaintiffs' §§ 447/481 claim. For it to apply, the application to plaintiffs of a partnership item settlement, a FPAA, or judicial decision in a § 6226 or § 6228(a) proceeding must cause a reduction in C85's 1995 partnership income (and plaintiffs' distributive share of it) and correspondingly an overpayment of plaintiffs' 1995 taxes. C85's 1995 partnership income was not the subject of a partnership item settlement or a FPAA. It was the subject of a decision of the Tax Court in an action brought under § 6228(a), and Donald Dismore was a party to that action pursuant to § 6228(a)(4). However, the Tax Court ruled that there would be no adjustment to C85's 1995 partnership income, their distributive share of which plaintiffs had reported on their 1995 return. *See* Mot. [Doc. #25] at 4-5. Thus, there is no overpayment of 1995 taxes attributable to applying to plaintiffs a settlement, a FPAA, or a court decision, as required for application of § 6230(c)(1)(B).

Assuming, for the sake of argument, that plaintiffs' §§ 447/481 claim qualified under § 6230(c)(1)(B), the Court nonetheless would lack power to adjust plaintiffs' reported C85 1995 partnership income. Section 6230(c)(4) prohibits review of the substantive treatment of partnership items on a partnership return, under a settlement, FPAA, or judicial decision, whichever is appropriate. C85 reported on its 1995 partnership return the 1995 partnership income plaintiffs ask the Court to adjust, and that reporting has never been disturbed by a settlement, a FPAA, or a judicial decision. Rather, as noted, the Tax Court explicitly upheld C85's reporting of its 1995 income.

**2. The Dismores' 1997 settlement did not, as a factual or legal matter, "affect" C85's 1995 partnership income.**

The Dismores' 1997 settlement with the IRS of certain of C85's 1985 partnership items does not qualify their §§ 447/481 claim under § 6230(c)(1)(B). Its application to plaintiffs did not, as a factual or legal matter, cause a reduction in their reported distributive share of C85 1995 partnership income and thus an overpayment of 1995 taxes. We direct the Court here to our arguments supporting the conclusion that the agreement did not encompass, as a factual matter, 1995 partnership items. *See* Mot. [Doc. #25] at 4, 9 n.5, Reply [Doc. #31] at 2-9; Tr. [Doc. #35] at 46:11-16. We reiterate that the agreement, on its face, addressed only certain of C85's 1985 partnership items, and did not mention any other partnership taxable year, including 1995. Because the agreement's terms unambiguously settled only certain 1985 partnership items, extrinsic evidence is not permitted to alter or add to those terms.[6] Accordingly, applying the agreement to plaintiffs as written does not produce a reduction in 1995 income or an overpayment of 1995 taxes.

In addition, application of the 1997 partnership item settlement to plaintiffs cannot, as a matter of law, affect C85's 1995 partnership income. Before explaining why, we review here the core facts and plaintiffs' arguments relevant to this issue:

Plaintiffs reported a distributive share of C85's 1985 loss deductions on their 1985 individual income tax return and used it to reduce their 1985 taxable income. On April 10, 1991, the IRS issued a FPAA to C85, disallowing the loss deductions C85 had reported on its 1985 return. On July 10, 1991, a notice partner of C85 filed in the United States Tax Court a petition

[6] In this regard, we note that nothing before the Court evidences that plaintiffs ever received the facsimile they offer as extrinsic evidence. *See* Tr. [Doc. #35] at 8:18-10:1.

for readjustment contesting the FPAA (*Coachella-85*). Donald Dismore was a party to the Tax Court action pursuant to § 6226(c). While the Tax Court action continued, the IRS and plaintiffs entered on July 17, 1997, into a partial settlement of certain of C85's 1985 partnership items. The 1997 agreement disallowed a portion of C85's 1985 partnership losses. At the time of settlement, C85 had already recaptured and reported a portion of its claimed 1985 loss deductions as income in 1995 pursuant to §§ 447/481, and plaintiffs allegedly had reported and paid tax on a distributive share of the 1995 partnership income on their 1995 return. C85's 1995 partnership income was the subject of a separate Tax Court proceeding, to which Donald Dismore was a party pursuant to § 6228(a)(4) and which ended with a judicial decision that there be no adjustments to the partnership's prior reporting of 1995 income.

Stemming from these facts, plaintiffs argue that their 1997 partial settlement of C85's 1985 partnership losses automatically adjusted C85's 1995 partnership income at the partner level as an "affected item." An "affected item" is defined in § 6231(a)(5) as ". . . any item to the extent such item is affected by a partnership item." Plaintiffs argue that C85's 1985 partnership loss is the partnership item and C85's 1995 income the affected item. Plaintiffs reason that the 1995 income merely recaptured a portion of 1985 losses, and therefore disallowance of a portion of the loss under the 1997 settlement effected a corresponding reduction in the income and their distributive share of it. In sum, plaintiffs posit the possibility under TEFRA of an "affected partnership item" (Tr. [Doc. #35] at 95:10) -- a supposed automatic adjustment of a partnership item in one year (1995 income) as a partner level affected item resulting *sub silentio* from the settlement of a partnership item in a prior year (1985 loss). Plaintiffs cite no authority for their position, but simply iterate that the definition of affected item in § 6231(a)(5) refers to "any

item" as opposed to "any non-partnership item." *See e.g.* Tr. [Doc. #35] at 37:3-24. Plaintiffs' theory must be rejected.

**a. Plaintiffs' "affected item" legal theory contravenes the Congressional intent codified in § 6221.**

Permitting a partnership item for one year to be settled at the partner level as an affected item of a partnership item of a previous year would violate a fundamental purpose for which Congress enacted unified audit, examination, and litigation procedures for determining partnership items. Congress intended that "the tax treatment of items of partnership income, loss, deductions, and credits . . . be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." Conf. Rep. No. 97-760, at 599 (1982), *reprinted in* 1982-2 C.B. 600, at 662. This intent was codified generally in § 6221: "Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level." By definition, a change to an affected item occurs at the partner level, after any partnership level proceedings have ended and partnership items have been determined. *See e.g. Olson v. United States*, 172 F.3d 1311, 1317-18 (Fed. Cir. 1999); *Roberts v. Commissioner*, 94 T.C. 853, 859-62 (1990). Moreover, no provision is made anywhere in subchapter C of Chapter 63 of the Internal Revenue Code for a partnership item determination as an affected item at the partner level. However, to hold for plaintiffs, the Court would have to conclude that their settlement of 1985 partnership loss adjusted 1995 partnership income as an affected item at the partner level. Such holding would violate Congress' mandate, codified in § 6221, that partnership items be determined at the partnership level.

**b. Plaintiffs' theory produces absurd results at odds with Congressional intent underlying TEFRA.**

In addition, acceptance of plaintiffs' theory would lead to absurd results and be at odds with Congress' intent that unified partnership item determinations ensure equal treatment of partners.[7] Under plaintiffs' theory, a settlement determination of partnership items in a § 6226 proceeding for one year can be applied at the partner level via § 6230(c)(1)(B) to affect partnership items in another year. Yet, a FPAA or judicial determination of partnership items in a § 6226 proceeding cannot be so applied. This is because a FPAA relates solely to one taxable year, *see* § 6226, and jurisdiction in a § 6226 proceeding is strictly limited to "all partnership items of the partnership for the partnership taxable year to which the [FPAA] relates. . . ." § 6226(f). Thus, ". . . the application to the partner of . . . a [FPAA], or the decision of a court in an action brought under section 6226 . . .," § 6230(c)(1)(B), cannot be applied at the partner level to affect partnership items in years other than the year at issue in the FPAA and/or § 6226 proceeding. To do so would enlarge improperly the jurisdictional scope of the FPAA and § 6226 proceeding, permitting the determination of partnership items in one year, when applied, to be a de facto determination of partnership items in a second year.

Accordingly, where some partners settle partnership items at issue in a FPAA and/or § 6226 proceeding but other partners wait for a decision, plaintiffs' theory reads § 6230(c)(1)(B) to permit different results from application of the settlement than from application of the

---

[7] *See e.g. Kaplan v. United States*, 133 F.3d 469, 471 (7th Cir. 1998) (citation omitted) ("Through TEFRA, Congress sought to ensure equal treatment of partners by uniformly adjusting partners' tax liabilities and channeling any challenges to these adjustments into a single, unified proceeding. ... This system has the additional advantage of abating the administrative burden that would be wrought by multiple, duplicative audits and lawsuits involving numerous partners in a single partnership.").

decision. Under plaintiffs' theory, application of the settlement to settling partners may result in partnership item determinations for years outside the jurisdiction of the FPAA and the underlying proceeding, even though the settlement made no mention of partnership items for such years. By contrast, § 6226(f) would prohibit similar application to non-settling partners by prohibiting determination of partnership items outside the year at issue in the § 6226 proceeding. In sum, plaintiffs' theory allows "the application to the partner of a settlement. . . ." to adjust partnership items that cannot be adjusted by "the application to the partner of . . . a [FPAA], or the decision of a court in an action brought under section 6226. . .," even though the settlement, the FPAA, and the decision on their face determine the same partnership items. This is an absurd result, particularly when it is considered that all three, or two of the three, could make identical partnership item determinations.

Moreover, such a tortured reading of § 6230(c)(1)(B) would force non-settling partners to pursue or endure additional partnership proceedings to resolve the partnership items settled as affected items by application of the settlements to settling partners. The resulting dichotomy between partners with respect to partnership items not under review in the underlying FPAA or § 6226 proceeding could easily result in inconsistent determinations. Such a state of affairs violates Congress' express intent that unified partnership proceedings ensure equal treatment of partners through uniform adjustment at the partnership level.

To avoid the absurd results of plaintiffs' theory, a partnership item settlement ought not be interpreted *sub silentio* to settle partnership items beyond the jurisdiction of the underlying FPAA and/or § 6226 proceeding. This Court therefore should not hold that plaintiffs' settlement of the 1985 partnership losses at issue in *Coachella-85*, without any mention of partnership items

of any other year, also affected a settlement of C85's 1995 partnership items, even though the latter items were beyond the jurisdiction of the underlying § 6226 proceeding.[8]

The fact that plaintiffs' theory can be found nowhere in the statutory scheme, the applicable regulations, or any court decision confirms that partnership items for one year should not be treated as affected items with respect to partnership items of an earlier year. There is no indication in the statutory scheme or affected item regulations, *see* § 301.6231(a)(5)-1T (1987) (effective for partnership taxable year at issue here); *see also* § 301.6231(a)(5)-1 (2001) (applicable to partnership taxable years beginning on or after October 4, 2001), and we have not found any indication in a judicial decision that a partnership item can be settled as a partner level affected item of a previous year's partnership item. We suggest that this state of affairs derives 1) from the mandate that partnership items be determined at the partnership level (§ 6221), and 2) from the fact that partnership item determinations for one year cannot occur automatically in a partnership proceeding for a prior year, as the court sitting over the prior year's proceeding lacks jurisdiction over partnership item determinations in non-suit years (§§ 6226(f), 6228(a)(5)).

---

[8] It is noteworthy that the mandate that partnership items be adjusted only at the partnership level operates to the benefit of both the Government and taxpayers. Thus, for example, if the IRS fails to mail a FPAA in a timely manner and the period for assessing partnership taxes against a partner has expired, the partnership items remain as reported by the partnership and cannot be adjusted as set forth in the FPAA. *See generally Roberts v. Commissioner*, 94 T.C. 853, 857, 859-62 (1990). On the other hand, for example, had plaintiffs here not reported their distributive share of 1995 partnership income in accord with the reporting of C85 on its 1995 partnership return, the IRS could have assessed the 1995 income against plaintiffs to make plaintiffs' reporting conform to the partnership's. *See* § 6222. (Such assessment could be subjected to review for computation error pursuant to § 6230(c)(1)(A)(i).).

## III. Conclusion

Where reporting of partnership items for one year has already occurred when a settlement or ruling for a prior year is made or issued and the prior year's settlement says nothing about the subsequent year's partnership items, then the procedures established by Congress for adjustment of reported partnership items must be followed. These procedural requirements apply equally to taxpayers and the IRS, and permit either to raise the possibility of explicitly addressing through settlement(s) the partnership items of more than one year. As outlined in our reply brief, C85's tax matters partner perceived the requirement to follow Congress' authorized procedures for adjusting C85's 1995 partnership income, and therefore pursued an AAR proceeding. *See* Reply [Doc. #31] at 11-12. By contrast, plaintiffs' approach, the attempted adjustment of a partnership item via § 6230(c)(1)(B) at the partner level as an affected item, is not an authorized means for adjusting partnership items under TEFRA.

In light of the foregoing, our prior briefing, and oral argument, the Court should grant our 12(b)(1) motion to dismiss plaintiffs' §§447/481 claim, because the claim is barred by § 7422(h) (or § 6230(c)(4)).

Respectfully submitted,

s/Bart D. Jeffress

BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice, Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Acting Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

July 14, 2006