No. 04-1787 T
(Judge Francis M. Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
STEVEN I. FRAHM
BART D. JEFFRESS
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (Facsimile)

# INDEX

**Page**

Opposition to plaintiffs motion for leave to amend complaint:

Introduction . . . . . . . . . . 1

I. Factual Background . . . . . . . . . . 3

II. Argument:

A. RCFC 15(a) Standard . . . . . . . . . . 11

B. Granting plaintiffs' motion for leave to amend would be unduly prejudicial to defendant . . . . . . . . . . 13

C. Plaintiffs' motion is improper . . . . . . . . . . 14

III. Conclusion . . . . . . . . . . 17

## CITATIONS

**Cases**:

*Foman v. Davis*, 371 U.S. 178 (1962) . . . . . . . . . . 12

*Strub v. Axon Corp*., 168 F.3d 1321, 1998 WL 537721 (C.A. Fed. (Cal.) 1998) (unpublished opinion) . . . . . . . . . . 13

**Miscellaneous:**

Rules of the United States Court of Federal Claims, Rule 15 . . . . . . . . . . 11

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1487 (2d ed. 1990) . . . . . . . . . . 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T
(Judge Francis M. Allegra)

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

**INTRODUCTION**

Defendant, the United States, respectfully submits this opposition to plaintiffs' motion for leave to amend their complaint to withdraw the §§ 447/481 recapture income claim.

Granting plaintiffs' motion would unduly prejudice defendant, and is not in the interest of justice, because defendant and the Court have invested substantial resources in litigating plaintiffs' §§ 447/481 claim, and virtually identical §§ 447/481 claims will be presented for decision in related litigation. The present case is part of a larger group of over 100 cases known as the "AMCOR" cases. Plaintiffs' counsel[1] represent all AMCOR plaintiffs, and have filed fourteen other AMCOR cases, alleging §§ 447/481 claims that are virtually identical to the ones

[1] "Plaintiffs' counsel" throughout refers to Thomas E. Redding, Teresa J. Womack, and/or Sallie W. Gladney, all three of whom are listed as attorneys for plaintiffs on plaintiffs' complaint. *See* Compl. [Doc. #1] at 4-5. Redding was the original attorney of record, and Womack is the present one. *See id.* at 4; Mot. [Doc. #17]. Redding argued before the Court while Womack was attorney of record. *See* Tr. [Doc. #35].

they wish to withdraw here. In addition, plaintiffs' counsel previously argued against withdrawing its §§ 447/481 claims in this case, representing to the Court that, because §§ 447/481 claims are present in other AMCOR cases, withdrawal here would merely delay resolution of the claim. Plaintiffs' attempt now to withdraw the claim comes after the parties (and the Court) have invested substantial time in briefing and oral argument with respect to the jurisdictional issues raised by the claim. Thus, granting plaintiffs' motion would discard the parties' and the Court's substantial efforts only to repeat them in a related case.

In addition, plaintiffs' motion appears to be improperly motivated: 1) They offer it on the eve of a judicial decision that would come after they insisted that the issue be heard and briefed, at great effort by the parties and the Court; and 2) they attempt to justify abandoning the claim with the arguments they earlier asserted as the basis for it going forward. The parties each filed briefs and reply briefs, the Court has educated itself about the claim, oral argument has been heard, and the parties have filed a post-argument brief. Only final, post-argument reply briefs remain before the jurisdictional issue is ripe for decision. Now, suddenly, plaintiffs seek to withdraw their claim, arguing the jurisdictional issues are complex, without guiding authority, and of little economic value. Yet, on two prior occasions, plaintiffs' counsel told the Court that the small amount at issue was not a basis for withdrawing or not deciding the claim. In addition, at oral argument, plaintiffs' counsel told the Court that lack of authority constituted a reason to resolve the issue.

## I. Factual Background

This case is one of over one hundred AMCOR cases filed in the Court of Federal Claims by plaintiffs' counsel, and, as of March 29, 2006, plaintiffs' counsel believed that as many as 600 more AMCOR cases could be filed. *See* Joint Mot. [Doc. #24] at 1-2, 8, *Robert B. and Nancy L. Wood v. United States*, Fed. Cl. No. 02-56T;[2] *see also* Joint Mot. [Doc. #5]. "[E]ach AMCOR case presents at least one of five different legal issues arising from a largely common factual background: i) timely assessment of any tax liability attributable to adjustments to partnership items; ii) propriety of assessment of tax motivated interest; iii) interest abatement; iv) interest netting; and v) loss in termination year of partnership/recapture of income." *See* Joint Mot. [Doc. #24], *Wood*, Fed. Cl. No. 02-56T, at 3-4 (emphasis added).

The present case presents both parts of the fifth legal issue, loss in termination year of partnership/recapture of income. *See* Compl. [Doc. #1] ¶¶ 5-10. Plaintiffs motion to amend seeks to withdraw the recapture of income claim. *See* Mot. [Doc. #38]. In their complaint, plaintiffs styled their recapture of income claim "alternative" and pleaded it as follows:

> D. In the alternative, the reported income for 1995 for the partnership should be reduced by the distributive share of §447/481 recapture, because the settlement disallowed deductions subsequently recaptured under §447/481 and included in the final 1995 partnership income.

Compl. [Doc. #1] ¶ 10.D. (page 3). Because plaintiffs often refer to this claim as their "alternative §447/481 claim" or "§§447/481 Alternative Claim," *see e.g.* Resp. [Doc. #28] at 1, we will use similar terminology. We answered plaintiffs' complaint on June 15, 2005. *See* Answer [Doc. #10].

---

[2] The joint motion in *Wood* was filed under ECF procedures and is available to the Court.

There are fourteen other AMCOR cases pending in the Court of Federal Claims in which plaintiffs' counsel asserts virtually identical §§ 447/481 claims to those in this case:

1. Compl [Doc. #1] ¶ 9e, *Richard J. Carota*, Fed. Cl. No. 01-305T;
2. Compl. [Doc. #1] ¶ 18.d., *Rober J. Isler and Susan L. Isler*, Fed. Cl. No. 01-344T;
3. Sec. Am. Compl. [Doc. #20] ¶ 18.e., *Jeffrey T. Scuteri*, Fed. Cl. No. 01-358T;
4. Compl. [Doc. #1] ¶¶ 9e, 10, *Robert H. Donaldson and Joan C. Donaldson*, Fed. Cl. No. 01-386T;
5. Compl. [Doc. #1] ¶¶ 5-9, *Morris A. Weiner and Ann Weiner*, Fed. Cl. No. 01-623T;
6. Compl. [Doc. #1] ¶ 31.F., *Richard J. Bolen and Barclay L. Bolen*, Fed. Cl. No. 02-696T;
7. Compl. [Doc. #1] ¶ 9.e., *Lewis C. Ganter and Sonia C. Ganter*, Fed. Cl. No. 02-248T;
8. Compl. [Doc. #1] ¶ 19.e., *Helen R. Pineo*, Fed. Cl. No. 02-401T;
9. Compl. [Doc. #1] ¶ 10, *John Farneti, Jr., and Jerry A. Farneti*, Fed. Cl. No. 04-1760T;
10. Compl. [Doc. #1] ¶ 10D (page 3), *George O. McDaniel, Jr. and Margaret M. McDaniel*, Fed. Cl. No. 04-1788T;
11. Compl. [Doc. #1] ¶ 10.E., *G. Dale Whittington and Loretta L. Whittington*, Fed. Cl. No. 05-220T;
12. Compl. [Doc. #1] ¶ 11.E., *Charles H. Johnson and Kay A. Johnson*, Fed. Cl. No. 05-221T;
13. Compl. [Doc. #1] ¶ 9.F., *Thomas C. Hall and Lucy Hall*, Fed. Cl. No. 05-222T;
14. Compl. [Doc. #1] ¶ 12.L., *Alan Scott Fitz and Pauline Ann Fitz*, Fed. Cl. No. 06-402T.

The *Scuteri* and *Isler* cases identified above have been designated as are representative AMCOR cases and are proceeding before Judge Lawrence J. Block.[3] The other cases have been stayed, except *Fitz*, in which a joint motion to stay is pending.[4] In addition, the §§ 447/481 claim is

[3] *See* Joint Mot. [Doc. #24], *Wood*, Fed. Cl. No. 02-56T, at 4, 7; Order [Doc. #73], *Scuteri*, Fed. Cl. No. 01-358T; Order [Doc. #103], *Isler*, Fed. Cl. No. 01-344T.

[4] *See* Order [Doc. #21], *Carota*, Fed. Cl. No. 01-305T; Order [Doc. #29], *Donaldson*, Fed. Cl. No. 01-386T; Order [Doc. #21], *Weiner*, Fed. Cl. No. 01-623T; Order [Doc. #15] *Bolen*, Fed. Cl. No. 02-696T; Order Staying Case dated 08/14/2003, *Ganter*, Fed. Cl. No. 02-248T; Order [Doc. #21], *Pineo*, Fed. Cl. No. 02-401T; Order [Doc. #5], *Farneti*, Fed. Cl. No. 04-1760T; Order [Doc. #5], *McDaniel*, Fed. Cl. No. 04-1788T; Order [Doc. #5], *Whittington*, Fed. Cl. No. 05-220T; Order [Doc. #8], *Johnson*, Fed. Cl. No. 05-221T; Order [Doc. #5], *Hall*, Fed.

central to defendant's counterclaim in *Johnson* for an erroneous refund in the amount of $6,474.29. *See* Answer and Counterclaim [Doc. #15] ¶¶ 19-27, *Johnson*, Fed. Cl. No. 05-221T. Plaintiffs' motion to amend does not mention any of these cases.

We now recount the litigation of plaintiffs' §§ 447/481 claim in this case:

After the Court decided that this case should not be stayed, *see* Order [Doc. #6], the parties filed a joint status report, proposing a schedule for responding to plaintiffs' complaint and the filing of a joint preliminary status report, *see* JSR [Doc. #8]. After an ensuing status conference, the Court essentially adopted the parties' proposed schedule. *See* Order [Doc. #9]. In accord with the Court's order, defendant answered the complaint, *see* Answer [Doc. #10], and the parties filed a joint preliminary status report on September 6, 2005, *see* JPSR [Doc. #14]. In the JPSR, defendant raised jurisdictional issues regarding plaintiffs' alternative §§ 447/481 claim. *See id.* at 2. After a subsequent status conference, the Court issued an order, ordering, among other things, that,

> on or before October 28, 2005, . . . [p]laintiff shall move to amend its complaint, withdrawing its alternative argument relating to §§ 447/481 recapture; . . . [and] [t]he parties shall file a joint status report indicating how they intend to proceed in this case.

Order [Doc. #18] at 1.

The parties filed the ordered JSR on October 28, 2005, noting plaintiffs' failure to amend their complaint to withdraw the §§ 447/481 claim:

> Plaintiffs have not yet amended their complaint to withdraw their alternative argument relating to § 447/481 recapture. Defendant assumes plaintiffs will do so pursuant to colloquy at the telephonic status conference on October 5, 2005 and the Court's corresponding order of the same date. If

Cl. No. 05-222T; *See* Mot. [Doc. #6], *Fitz*, Fed. Cl. No. 06-402T.

> plaintiffs do not do so, defendant intends to revisit the jurisdictional hurdles it raised in the JPSR with respect to plaintiffs' § 447/481 recapture argument.

JSR [Doc. #19] at 1 n.1.

Following the filing of the JSR, the Court, on November 17, 2005, issued an order, detailing plaintiffs' failure to comply with the Court's order directing withdrawal of the §§ 447/481 claim and ordering plaintiffs to comply:

> On October 5, 2005, the court issued an order directing plaintiffs to move to amend their complaint, withdrawing their alternative argument relating to §§ 447/481 recapture. Plaintiffs were directed to file their motion on or before October 28, 2005. As of that date, plaintiffs had not filed their motion. Chambers has contacted plaintiffs' counsel multiple times since October 28, 2005, and plaintiffs' counsel has indicated that the motion would be filed "shortly." During the last communication on November 15, 2005, plaintiffs' counsel was told that a show cause order would issue unless the motion was filed by November 16, 2005. As of this date, plaintiffs have not complied with the court's order of October 5, 2005. . . .
>
> Plaintiffs' counsel is hereby ordered to bring herself into full compliance with the court's October 5, 2005, order by Monday, November 21, 2005. . . .

Order [Doc. #20] at 1.

On November 21, 2005, plaintiffs responded to the Court's order. *See* Resp. [Doc. #21]. Plaintiffs' response detailed plaintiffs' counsel's belief in the common factual background plaintiffs' §§ 447/481 claim shared with other AMCOR cases in which §§ 447/481 claims are at issue. *See id.* at 1-3. In light of the commonality, plaintiffs urged the Court to allow plaintiffs' claim to proceed, representing that the relatively small dollar amount at issue was not a reason to prevent moving forward:

> While the amount of the §§ 447/481 adjustment for the Dismores is relatively small, $3,993.00, the issue of these 1995 and 1996 §§ 447/448 refunds for the twenty-six identified partnerships is before the Court in this and other cases. If the government should reverse the IRS's position and deny these refunds in this litigation, dismissal of or concession of the §§ 447/481 in this case

will only delay the ultimate resolution of this issue.

*Id.* at 3. On the same day, November 21, 2005, the Court issued an order, noting that "no motion to amend the complaint, withdrawing the §§ 447/481 alternative claim, is forthcoming," and ordering a joint status report on or before December 5, 2005. Order [Doc. #22].

In response to the Court's order, on December 5, 2005, the parties proposed a briefing schedule for a motion to dismiss plaintiffs' §§ 447/481 alternative claim, and requested a six month discovery period to follow issuance of a decision on the motion. *See* JSR [Doc. #23] at 1. The Court altered the proposed briefing schedule, shortening the parties' proposed time for response and reply. *See* Order [Doc. #24] at 1.

With that, and at the insistence of plaintiffs, a substantial effort was launched to resolve the jurisdictional questions raised by plaintiffs' §§ 447/481 claim. Defendant filed its motion to dismiss the claim on January 6, 2006. *See* Mot. [Doc. #25]. Plaintiffs submitted their response under an unopposed motion for leave to file it out of time, *see* Mot. [Doc. #28], which the Court granted, *see* Order [Doc. #29]. Defendant filed its reply on March 28, 2006. *See* Reply [Doc. #31]. The Court held oral argument on the motion on June 9, 2006. *See* Tr. [Doc. #35]. The argument was thorough, resulting in a 115-page transcript. *See id.* After argument, the Court ordered post-oral argument briefing – simultaneous supplemental briefs and reply briefs due on July 14, 2006 and July 28, 2006, respectively. *See* Order [Doc. #33]. The parties filed their post-oral argument supplemental briefs, *see* Def.'s Supp. Br. [Doc. #36]; Pls.' Supp. Br. [Doc. #37], and defendant is reviewing a draft reply to be filed on July 28th.

During oral argument and consistent with prior representations to the Court, plaintiffs' counsel argued that 1) the lack of authority on the §§ 447/481 claim's jurisdictional issue was a

reason it should be decided; and 2) the small value of plaintiffs' claim did not deter his "devotion" to seeing it decided:

> MR. REDDING: I think the whole jurisdictional issue here comes down to two things. Is there such a thing as an affected item partnership item, and if so, is it converted? And I really think that, you know, everything beyond that I think goes to the merits, pretty much goes to the merits of the claim, not to whether or not this Court has jurisdiction to consider it.
>
> THE COURT: Mr. Redding, just one last question. Is this issue present in all the other cases that you all have here?
>
> MR. REDDING: Your Honor, it's not present in a single other one.
>
> THE COURT: All right.
>
> MR. REDDING: This is the only instance in which the government denied one of the four - - I can't ever say that - - 447/481 claims. Every other one that we filed was approved.
>
> THE COURT: Okay.
>
> MR. REDDING: And I think it came up only here because it was an alternative claim to an issue that we do know is still in dispute, and that's the termination year-related claims.
>
> THE COURT: Okay. And am I right this is a $13,500 issue?
>
> MR. REDDING: If I may, Your Honor, let me consult with Ms. Womack on that for a moment.
>
> (Pause.)
>
> MR. REDDING: No, Your Honor, it's not, because the total claim was for $10,497, and the alternative claim would have been solely based on that relative proportional adjustment to the '95 income. I'd have to go through a mathematical computation, but I would venture to say it's a small fraction of the 10,000.
>
> THE COURT: And your legal services here must be darn near free then.
>
> MR. REDDING: Your Honor, our legal services here are primarily associated with the primary claims and the fact that we represent 600 of these partners. This issue as a matter of economics is really not, frankly, worth pursuing, and we probably won't

ever be able to bill our client for it. But the jurisdictional question, I think, now is important in the broad scope of development of TEFRA partnership law.

I don't think the question of the issue about affected items that may be partnership items in subsequent years and whether or not they are converted has ever, ever been addressed by practitioners or the government in any setting up until now, and I have enough devotion to this field that I would like to see a resolution of it.

THE COURT: All right, Mr. Redding. Let's go back to Mr. Jeffress.

MR. JEFFRESS: Yes, Your Honor. I just want to quickly pick up on that last issue. There are some claims in the Plaintiffs' response that - - and I just heard opposing counsel say the same thing - - that the Dismores here are somehow being singled out. That's just not correct. There are at least seven other cases in which opposing counsel is alleging the identical alternative recapture claim and also alleging that the IRS disallowed that claim. If you'd like, I could give you the citations.

THE COURT: No, I'm just trying to get a sense as to why we're talking about this case.

MR. JEFFRESS: All right. I could give you the - -

THE COURT: Well, I take it that some of those are ones in which Mr. Redding is not participating?

MR. JEFFRESS: No, they are either all in which he is attorney of record or of counsel.

MR. REDDING: Your Honor, let me apologize to the Court. I had no recollection that this was an alternative issue in any of those cases. You know, we have over 200 of these cases in various circumstances. This is frankly the only one I remembered where this issue was an alternative issue.

THE COURT: I hear you, and I don't doubt your candor.

Tr. [Doc. #35] at 95:8-98:15.

Now, on July 14, 2006, come plaintiffs' counsel - after alleging §§ 447/481 claims in fourteen other AMCOR cases, after urging the Court not to enforce its October 5, 2005 order to make them withdraw the §§ 447/481 claim, after representing to the Court that the order should not be enforced because such action would merely delay resolution of the claim, after twice

representing to the Court that the small amount at issue in the Dismores' §§ 447/481 claim should not prevent resolution of the claim, after representing to the Court that lack of precedent on the jurisdictional issues raised by the §§ 447/481 claim was a reason to decide it, and after the parties and the Court have poured substantial resources into the jurisdictional issues related to the claim - to contradict their prior representations to the Court and seek to withdraw plaintiffs' §§ 447/481 claim.[5] Whereas lack of precedent was formerly incentive to resolve jurisdiction and the amount at issue was not a deterrence, plaintiffs' counsel now argues:

> After review, it is Plaintiffs' conclusion that the issue is so complex and of so little value that it would be more appropriate to withdraw the alternative §447/481 claim, rendering the jurisdictional question moot and allowing the case on the primary claim to proceed more expeditiously. This is the first test case for the promary (sic) issue and this alternative claim is *de minimus* in value.
>
> As the parties and the Court discussed during oral argument on the government's motion to dismiss for lack of jurisdiction on this alternative claim, the dearth of legislative history for the TEFRA partnership provisions make interpretation of the statutory provisions at issue unusually complicated. Morever, there is no judicial guidance or scholarly opinion addressing the issues raised by the Court in response to the government's jurisdictional motion. That lack of guidance, combined with the government's untimely destruction of the Dismores' administrative files and Plaintiffs' inability to obtain copies of material documents from the partnership, makes this particular case of questionable precedential authority for the extremely complex questions it raises.

Mot. [Doc. #38] at 1-2. Plaintiffs do not explain the basis for their conclusion that their primary claim will be slowed if the jurisdictional question – now nearly ready for decision – is not withdrawn. Indeed, quite to the contrary, the Court took action to prevent the alternative claim from delaying progress on plaintiffs' main claim – it issued an order on June 12, 2006,

---

[5] The first time plaintiffs' counsel contacted defendant's counsel, requesting consent to amend plaintiffs' complaint to withdraw the §§ 447/481 claim, was in two e-mails sent between 7:30p.m. and 8:00p.m. on July 12, 2006. If the Court desires, the undersigned attorney of record will provide the Court with the two e-mails.

commencing discovery on the main claim. *See* Order [Doc. #34]; Tr. [Doc. #35] at 108:23-109:4. Plaintiffs also provide no factual support for their inflammatory charge that the Government untimely destroyed the Dismores' administrative files. They also do not explain the basis for their extraordinary claims –coming so late in the briefing of the jurisdictional issue – that material documents from IRS administrative files and/or the partnership are not available to them but would support them on that issue. Plaintiffs ignore that the §§ 447/481 claim is pending in many other AMCOR cases, yet claim without explanation that resolving the jurisdictional issue would be "of questionable precedential authority." Perhaps most puzzling, plaintiffs provide no explanation for their 180 degree turn with respect to amending their complaint to withdraw the §§ 447/481 claim.

## II. Argument

### A. RCFC 15(a) Standard

Because defendant has answered plaintiffs' complaint, *see* Answer [Doc. #10], plaintiffs may amend their complaint to withdraw the §§ 447/481 claim only if we consent in writing or the Court grants them leave:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

RCFC 15(a). We oppose the amendment. The Supreme Court has advised that leave to amend is within the discretion of the trial court and should be freely given, unless, for example, it would prejudice the other party:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice

> so requires'; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, the Wright/Miller treatise emphasizes that prejudice to the other party plays an important role in deciding whether to grant leave to amend:

> Perhaps the most important factor listed by the [Supreme] Court [in *Foman*] and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading. Conversely, if the court is persuaded that no prejudice will accrue, the amendment should be allowed. Thus, the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend.
>
> . . .
>
> The court also may consider the good faith of the party seeking the amendment. If it determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment; even if the amendment is allowed, the Supreme Court has indicated that federal jurisdiction over the removed action will not be defeated.
>
> . . .
>
> When the court inquires into the good faith of the moving party, it typically will take account of the movant's delay in seeking the amendment.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1487, at 613-21, 647-51 (2d ed. 1990).

While the Supreme Court's and the Wright/Miller treatise citations predominantly

address situations in which movants seek to add to their prior pleadings, the rule also encompasses situations in which movants seek to withdraw them (as the Wright/Miller example of amending to destroy jurisdiction suggests). For example, although not precedential, the Court can take note of the fact that the Federal Circuit has affirmed a district court's denial of leave to amend a complaint to withdraw a counterclaim of patent invalidity, where the motion was made after the close of evidence at trial. *See Strub v. Axon Corp.*, 168 F.3d 1321, 1998 WL 537721, at *11 (Fed. Cir. Aug. 17, 1998) (unpublished opinion).

The Court should not grant plaintiff's motion for leave to amend their complaint to withdraw the §§ 447/481 claim. Defendant would be unduly prejudiced if plaintiffs were allowed to withdraw a claim that has been presented after the substantial expenditure of its resources and, like the other issues going forward in this representative case, have great potential to resolve the same issues presented in other AMCOR cases. Likewise, plaintiffs undue delay, and the unexplained reversal of its previous position, are positive grounds to deny the leave plaintiffs are suddenly seeking.

**B. Granting plaintiffs' motion for leave to amend would be unduly prejudicial to defendant.**

The jurisdictional issue regarding plaintiffs' §§ 447/481 claim will be decided by one or more judges of the Court of Federal Claims in the course of the AMCOR litigation presently before the Court. Plaintiffs' counsel has already filed fourteen other cases in which the claim is alleged, and, in one of those, defendant has counterclaimed for an erroneous refund. There is no basis to believe that §§ 447/481 claims will not be presented in even more cases in the future, as plaintiffs' counsel has advised the Court that he represents 600 AMCOR partners. Tr. [Doc.

#35] at 96:20-97:10. On May 18, 2006, just prior to oral argument here, plaintiffs' counsel filed *Fitz*, the most recently filed AMCOR case including the claim. Indeed, plaintiffs' counsel earlier told the Court that mooting the issue here will only delay its resolution:

> If the government should reverse the IRS's position and deny these refunds in this litigation, dismissal of or concession of the §§ 447/481 in this case will only delay the ultimate resolution of this issue.

Resp. [Doc. #21] at 3.

As the §§ 447/481 claims will have to be resolved, it makes the most sense to resolve them now, when so much has been done to ready the issue for a decision. Defendant's filings, motion, reply, supplemental brief, and participation in oral argument, reflect the substantial effort and devotion of resources defendant has expended in meeting plaintiffs' §§ 447/481 claim. As the Court is aware, these actions reflect not only the devotion of resources by attorneys at the Justice Department but also those who work for the IRS. Likewise, the Court undoubtedly has gone to substantial lengths to read the parties' briefs, prepare for and conduct oral argument, and conclude that additional, post-argument supplemental briefing is necessary. While plaintiffs may prefer to moot that effort – in order to fight the battle another day – their belated requested for leave to withdraw the issue should be denied.

### C. Plaintiffs' motion is improper.

Plaintiffs could have moved long ago to withdraw their §§ 447/481 claim before the parties and the Court expended their substantial energies readying it for a decision; indeed, at one point the Court ordered plaintiffs to withdraw the claim. Plaintiffs not only did not do so, they insisted that the Court hear the issue. The parties and the Court forged ahead with briefing

and oral argument. Now, with briefing almost complete and on the cusp of a decision, plaintiffs want to withdraw the issue, offering several implausible reasons, including two they earlier disavowed.

Plaintiffs claim the "*de minimus*" [sic?] value of the Dismore's §§ 447/481 claim supports its withdrawal. But earlier, plaintiffs' counsel twice explicitly told the Court that the small value of the claim was not a reason to withdraw it:

> While the amount of the §§ 447/481 adjustment for the Dismores is relatively small, $3,993.00, the issue of these 1995 and 1996 §§ 447/448 refunds for the twenty-six identified partnerships is before the Court in this and other cases. If the government should reverse the IRS's position and deny these refunds in this litigation, dismissal of or concession of the §§ 447/481 in this case will only delay the ultimate resolution of this issue.

Resp. [Doc. #21] at 3; *see also* Tr. [Doc. #35] at 96:20-97:10. Plaintiffs now argue that complexity and lack of precedent marshal against deciding the jurisdictional issue. But plaintiffs' counsel, approximately one month before filing the motion for leave to amend, offered those as reasons to go forward. *See* Tr. [Doc. #35] at 96:20-97:10.

Plaintiffs now say that the lack of guidance will render the precedential value of any resolution of the jurisdictional issue "questionable." But last November, plaintiffs' counsel told the Court that the issue should not be withdrawn, because plaintiffs' §§ 447/481 claim shared a common factual background with other AMCOR cases in which the claim was presented. *See* Resp. [Doc. #21] at 1-3. In any event, it is the function of the courts to decide legal questions before them, independent of their consequences to others. Plaintiffs do not refer to or explain their about-face in seeking the withdrawal of the §§ 447/481 claim it once insisted go forward.

In addition to its U-turns, plaintiffs offer conclusions without supporting facts to justify withdrawing their §§ 447/481 claim. They cavalierly claim that the Government untimely

destroyed the Dismores' administrative files and that they are unable to obtain documents that would supports its position on jurisdiction. Missing however, is any evidence to support those assertions. Likewise, there is no merit to plaintiffs' naked conclusion that their primary claim will proceed more expeditiously if they are allowed to withdraw their §§ 447/481 claim. A six month discovery period on the primary claim began on June 12, 2006, and is scheduled to end on December 8, 2006. *See* Order [Doc. #34]. Indeed, on four different occasions, plaintiffs' counsel agreed to or asked the Court for a six-month discovery period, at least one of which (at oral argument) was exclusively in reference to the primary claim. *See* JPSR [Doc. #14] at 6; JSR [Doc. #19] at 2; JSR [Doc. #23] at 1; Tr. [Doc. #35] at 109:23-25. Having received the discovery period it thinks sufficient, there is no basis to conclude that turning the briefed §§ 447/481 claims over to the Court now for decision will delay their primary claim.

## III. Conclusion

For the foregoing reasons, plaintiffs' motion for leave [Doc. #38] should be denied.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

July 25, 2006