IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| DONALD L. DISMORE and BETTYE G. DISMORE | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 04-1787T |
| | § | |
| | § | Judge Allegra |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

1. Plaintiff Donald L. Dismore and Bettye G. Dismore ("Plaintiffs" or the "Dismores") are citizens of the United States of America whose address 1132 Whispering Oaks, DeSoto, Texas, 75115.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1995)

5. Donald L. Dismore and Bettye G. Dismore filed a timely joint federal income tax return for calendar year 1995 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-2854 and XXX-XX-1067, respectively.

6. For 1985 through 1995, Donald L. Dismore was a limited partner in Coachella-85 Partners ("C85"), a California limited partnership.

7. C85 dissolved and terminated in 1995.

8. On March 30, 1999, the Dismores filed with the IRS a claim in the amount of $10,497.00 for refund of tax.

9. On December 18, 2002, the IRS disallowed that claim.

10. The claim for refund is due to the loss the Dismores realized on the termination of C85 pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1995 return. More specifically, a refund is due to the Dismores because:

A. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. Plaintiffs received nothing upon termination of C85.

C. Plaintiffs and the IRS subsequently entered into a settlement agreements (Forms 870-P(AD) that resulted in a reduction in the distributive share of 1986 losses.

D. As a direct consequence of the settlement, there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which is the basis of this claim for refund.

| | |
|---|---|
| Basis Adjustments | |
| C85 1985 losses disallowed | $31,890.00 |
| Ending Basis per K-1 | -0- |
| Recomputed Basis and Loss on Dissolution | $31,890.00 |

D. As a direct consequence of the adjustments to the partnership items of this partnership there was a substantial basis in the partnership interest and a resulting loss upon the dissolution and termination of the partnership, which loss is the basis of this claim for refund.

E. This claim for refund is authorized under §6230(c) as a claim based on the grounds that the Secretary has failed to make the refund herein claimed for the overpayment attributable to the adjustments to partnership items and affected items resulting from the above referenced settlement agreement. The increase in basis in the partnership interest resulting from the refund claim was an adjustment to an affected item resulting from the settlement. In the alternative, it is a timely claim under §6402.

F. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the settlement agreement or under §6511 as it is filed within three years of the original return. In the alternative it is timely because the partnership filed administrative adjustment requests that extended the statute of limitations.

G. During the time period from April 15, 1996 to March 30, 1996, interest on this refund should be paid at the deficiency rate prescribed under §6621(c), now repealed, for tax motivated transactions because interest was charged at that rate during that time period on the significantly greater tax deficiency resulting from the settlement, or, in the alternative, the excess interest paid during that period should be refunded.

H. Plaintiffs also elected to have the interest netting provision of §6621(d) apply.

11. Over six (6) months have elapsed since the Dismores filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. The Dismores are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs Donald L. Dismore and Bettye G. Dismore pray for judgment against the Defendant the United States of America in the amount of $10,497.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

/s/ Teresa J. Womack

Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Thomas E. Redding
Texas State Bar No. 16661300
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)