IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T
(Judge Francis M. Allegra)

DONALD L. DISMORE and BETTYE G. DISMORE

Plaintiffs,

v.

THE UNITED STATES

Defendant.

MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR CORRESPONDING ADJUSTMENT TO SUMMARY JUDGMENT BRIEFING SCHEDULE

This Court's December 1, 2006, order, inter alia, directed plaintiffs to respond to defendant's outstanding interrogatories, requests for admission, and document request by December 4, 2006. While plaintiffs have responded to defendant's requests for admission and accompanying document request, plaintiffs did not, and, despite defendant's counsel's subsequent and continuing efforts to secure compliance, plaintiffs still have not served any responses to defendant's interrogatories and the document production request accompanying those interrogatories. Accordingly, defendant respectfully moves this Court to issue an appropriate order to secure defendant's receipt of the information requested. Defendant also requests that the current summary judgment briefing schedule, pursuant to which defendant is required to file a summary judgment motion on or before February 14, 2007, be adjusted to allow defendant 28 days from the date of receipt of plaintiffs' responses to file its summary judgment motion. Defendant certifies that it has in good faith conferred with plaintiffs' counsel

in an effort to obtain the responses and material sought without court action. In support of this motion, defendant submits the following:

1. Prior to the Court's order of December 1, 2006, which stayed discovery in this case, the parties had made initial disclosures, plaintiffs had responded to defendant's first request for production of documents, and defendant had served the following additional discovery: 1) Defendant's Interrogatories - Set No. 1; 2) Defendant's Requests for Admissions - Set No. 1; and 3) United States' Second Request for Production of Documents. *See Joint Mot.* [Doc. #45] at 1. In addition, defendant had informed the Court that, while it believed it was ready to file a summary judgment motion, it would be in a better position to do so and in a position to respond to plaintiffs' summary judgment motion, after receiving plaintiffs' responses to its three outstanding discovery requests. *See id.* at 2.

2. On December 1, 2006, the Court ordered plaintiffs to serve responses to defendant's three outstanding discovery requests on or before December 4, 2006, and entered a summary judgment briefing schedule, which was to begin on or before January 15, 2007 with plaintiffs' summary judgment motion. *See Order* [Doc. #46]. Prior to the Court's order, plaintiffs had served responses to defendant's requests for admissions and the document production request accompanying those requests. However, on or before December 4, 2006, plaintiffs did not serve any responses or make objections to defendant's interrogatories or to the document request accompanying those interrogatories. Copies of Defendant's Interrogatories - Set No. 1 and United States' Second Request for Production of Documents are attached to this motion as Exhibits 1 and 2, respectively.

3. After the December 4, 2006 deadline passed, defendant discussed the overdue

discovery with plaintiffs' counsel in an effort to obtain the responses without judicial action. Based on those conversations, it was and is defendant's understanding that responses to defendant's interrogatories and accompanying document production request had/have been prepared and that the failure to serve them derives from difficulties in communication between plaintiffs' counsel and plaintiffs and/or their former accountant. Defendant accordingly was patient and did not seek judicial intervention, because it appeared the responses were in process and plaintiffs' deadline for filing its summary judgment motion had not passed.

4. On January 22, 2007, after plaintiffs did not file a summary judgment motion, the Court adopted a superceding briefing schedule, directing defendant to file a summary judgment motion on of before February 14, 2007, and precluding plaintiffs from filing a summary judgment motion or cross moving against defendant's motion. *See Order* [Doc. #47].

5. Plaintiffs' counsel thereafter informed defendant of plaintiffs' intent to move the Court for reinstatement of the original briefing schedule and additional time for plaintiffs to file their opening brief. On February 1, 2007, plaintiffs did so move, *see Mot.* [Doc. #48], and, on February 6, 2007, the Court denied the motion, *see Order* [Doc. #49].

6. Defendant has discussed with plaintiffs' counsel the overdue responses to defendant's interrogatories and accompanying document production request at different times since December 4, 2006, and, most recently, today, February 6, 2007. As of the filing of this motion, plaintiffs have not served any responses or made any objections to defendant's interrogatories or to the document production request accompanying those interrogatories. As we were finalizing this motion, plaintiffs' counsel telephoned defendant's counsel and represented that she could serve the responses to defendant's interrogatories tomorrow (February

7, 2007) with a facsimile signature or next week with a regular signature, and that, at present, plaintiffs have no documents to turn over in response to the document production request accompanying defendant's interrogatories other than the documents they have already turned over to defendant in this case. With the February 14, 2007 deadline for defendant to file its motion for summary judgment now looming and no responses in hand, defendant has no choice but to seek judicial action on this matter.

WHEREFORE, defendant requests that the Court issue an order to ensure that plaintiffs provide defendant with information that is responsive to its outstanding interrogatories and accompanying document request, and to adjust the current summary judgment briefing schedule to allow defendant 28 days from the date of receipt of plaintiffs' responses within which to file its summary judgment motion.

Respectfully submitted,

02/06/2007 s/Bart D. Jeffress
Date

Bart D. Jeffress
Attorney of Record
U.S. Department of Justice, Tax Div.
Court of Federal Claims Section
Post Office Box 26, Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

02/06/2007 s/Steven I. Frahm
Date

Of Counsel
Attorneys for Defendant