IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T
(Judge Francis M. Allegra)

DONALD L. DISMORE and BETTYE G. DISMORE

Plaintiffs,

v.

THE UNITED STATES

Defendant.

DEFENDANT'S INTERROGATORIES—SET NO. 1

OCT 20 2006

Pursuant to RCFC 26 and 33, defendant hereby asks plaintiffs to answer the following interrogatories fully, in writing, and under oath.

If any part of these interrogatories cannot be answered in full, plaintiffs are requested to answer to the extent possible, specifying the reason for plaintiffs' inability to answer the remainder and to state whatever information or knowledge plaintiffs have concerning the unanswered portion.

If the answer to any interrogatory is fully and fairly contained in a document from which the answer can be extracted without unreasonable difficulty, plaintiffs may answer the interrogatory by attaching a copy of the document and attesting to its genuineness. If plaintiffs answer an interrogatory in this way, please specify the documents (and pages) that contain the answer. The specification must be detailed enough to permit defendant to find the requested information readily.

PENGAD-Bayonne, N. J. EXHIBIT 1



1981489.1

These interrogatories shall be deemed to be continuing, to the extent provided in RCFC 26(e), so as to require supplemental answers as plaintiffs obtain further information between the time the answers are served and the trial.

## DEFINITIONS

These definitions are incorporated by reference here:

1. Plaintiffs: The plaintiffs are Donald L. Dismore and Bettye G. Dismore.

2. Documents: All references to "documents" are to be liberally construed to include all originals, microfiche copies, copies maintained on computer disks, copies and nonidentical copies (whether by reason of handwritten notations thereon or otherwise) of correspondence, electronic mail (e-mail), contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, records, corporate minutes, financial statements, and all other types of written or documentary materials.

## INTERROGATORIES

1. If plaintiffs respond with anything but an unequivocal admission to any request contained in Defendant's Requests for Admissions–Set No. 1, then with respect to each numbered requested admission:

   (a) Quote the phrase, word, or words that plaintiffs do not admit;

   (b) State in detail each fact that (in plaintiffs' view) supports the refusal to admit the clause, phrase, word, or words listed in response to Interrogatory 1(a), identifying all persons who have knowledge of each such fact and describing all documents that support each such fact; and

   (c) If plaintiffs do not agree with defendant's statement of the subject of the requested

admission, fully state plaintiffs' view of the facts, and separately set forth the evidence upon which plaintiffs rely to support their point of view.

2. State the basis, including all facts and documents upon which plaintiffs rely, for the claim (in paragraph 7 of plaintiffs' first amended complaint) that Coachella-85 Partners dissolved and terminated in 1995.

3. State the basis, including all facts and documents upon which plaintiffs rely, for the claim (in paragraph 10 of plaintiffs' first amended complaint) that plaintiffs realized a loss on the termination of Coachella-85 Partners pursuant to Rev. Rul. 93-80.

4. State the basis, including all facts and documents upon which plaintiffs rely, for the claim (in paragraph 10.B. of plaintiffs' first amended complaint) that plaintiffs received nothing upon termination of Coachella-85 Partners.

5. State the basis, including all facts and documents upon which plaintiffs rely, for the claim (in paragraph 10.D. of plaintiffs' first amended complaint) that, as a direct consequence of the settlement with the IRS, there was a restoration of basis in Donald Dismore's partnership interest in Coachella-85 Partners.

6. Describe the method, assumptions, and calculations by which plaintiffs compute Donald Dismore's basis in his partnership interest in Coachella-85 Partners, beginning with his initial purchase of the interest and ending with the partnership's alleged termination.

7. If plaintiffs contend that, in 1995, Donald Dismore abandoned his partnership interest in Coachella-85 Partners, state the basis, including all facts and documents upon which plaintiffs rely, for such contention.

8. If plaintiffs contend that, in 1995, Donald Dismore's partnership interest in Coachella-85

Partners became worthless, state the basis, including all facts and documents upon which plaintiffs rely, for such contention.

9. State whether Coachella-85 Partners became insolvent in 1995.

10. State whether Coachella-85 Partners had non-recourse liabilities in 1995, and, if so, whether any such liabilities were allocated to Donald Dismore's partnership interest in Coachella-85 Partners.

11. With respect to Robert D. Smith, identify the subjects with respect to which he is likely to have discoverable information that plaintiffs may use to support their claims in this case, and describe the nature of the information plaintiffs believe Robert D. Smith has.

12. With respect to the agents of Coachella-85 Partners, including Fred Behrens and/or Bob Wright, identify the subjects with respect to which they are likely to have discoverable information that plaintiffs may use to support their claims in this case, and describe the nature of the information plaintiffs believe they have.

13. State whether plaintiffs intend to call an agent of Coachella-85 Partners, including Fred Behrens and/or Bob Wright, as a trial witness in this case, and, if so, the nature of the testimony they intend to elicit from such witness.

Respectfully submitted,

BART JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel.: (202) 357-6496
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

Of Counsel

October 20, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Defendant's Interrogatories - Set. No. 1 has, this 20th day of October , 2006, been made on the plaintiffs' attorney by 1) express, overnight delivery service, in a postage prepaid envelope, to the following address:

Teresa J. Womack
Redding & Associates, P.C.
2914 West T.C. Jester
Houston, TX 77018

and 2) by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Teresa J. Womack
Redding & Associates, P.C.
P. O. Box 924328
Houston, TX 77292-4328

Diana L. Henderson

Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, DC 20044
(202) 307-6440