IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1787 T

Judge Francis M. Allegra

---

DONALD L. DISMORE and BETTYE G. DISMORE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX A TO MOTION OF THE UNITED STATES FOR SUMMARY JUDGMENT

---

EILEEN J. O'CONNOR
*Assistant Attorney General*

DAVID GUSTAFSON
STEVEN I. FRAHM
BART D. JEFFRESS
*Attorneys*
*Justice Department (Tax)*
*Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (FAX)

Appendix A

Internal Revenue Code, codified in Title 26 of the United States Code, as amended and in effect during the relevant period:

**SEC. 165. LOSSES**

(a) GENERAL RULE.– There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.

. . .

(c) LIMITATION ON LOSSES OF INDIVIDUALS.– In the case of an individual, the deduction under subsection (a) shall be limited to–

(1) losses incurred in a trade or business;

(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and

(3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, of from theft.

. . .

**SEC. 705. DETERMINATION OF BASIS OF PARTNER'S INTEREST.**

(a) GENERAL RULE.– The adjusted basis of a partner's interest in a partnership shall, except as provided in subsection (b), be the basis of such interest determined under section 722 (relating to contributions to a partnership) or section 742 (relating to transfers of partnership interests)–

(1) increased by the sum of his distributive share for the taxable year and prior taxable years of–

(A) taxable income of the partnership determined under section 703(a),
(B) income of the partnership exempt from tax under this title, and
(C) the excess of the deductions for depletion over the basis of the property subject to depletion;

(2) decreased (but not below zero) by distributions by the partnership as provided in section 733 and by the sum of his distributive share for the taxable year and prior taxable years of–

(A) losses of the partnership, and

(B) expenditures of the partnership not deductible in computing its taxable income and not properly chargeable to capital account; and

(3) decreased (but not below zero) by the amount of the partner's deduction for depletion for any partnership oil and gas property to the extent such deduction does not exceed the proportionate share of the adjusted basis of such property allocated to such partner under section 613A(c)(7)(D).

. . .

**SEC. 722. BASIS OF CONTRIBUTING PARTNER'S INTEREST.**

The basis of an interest in a partnership acquired by a contribution of property, including money, to the partnership shall be the amount of such money and the adjusted basis of such property to the contributing partner at the time of the contribution increased by the amount (if any) of gain recognized under section 721(b) to the contributing partner at the time.

**SEC. 6221. TAX TREATMENT DETERMINED AT PARTNERSHIP LEVEL.**

Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level.

**SEC. 6226. JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS.**

. . .

(c) PARTNERS TREATED AS PARTIES.–If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year–

(1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

(2) the court having jurisdiction of such action shall allow each such person to participate in the action.

. . .

**SEC. 6230. ADDITIONAL ADMINISTRATIVE PROVISIONS.**

. . .

(c) CLAIMS ARISING OUT OF ERRONEOUS COMPUTATIONS, ETC.–

. . .

(4) NO REVIEW OF SUBSTANTIVE ISSUES.–For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the court (whichever is appropriate) shall be conclusive.

. . .

**SEC. 6231. DEFINITIONS AND SPECIAL RULES.**

(a) DEFINITIONS.–For purposes of this subchapter–

. . .

(3) PARTNERSHIP ITEM.–The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

. . .

**SEC. 7422. CIVIL ACTIONS FOR REFUND.**

. . .

(h) SPECIAL RULE FOR ACTIONS WITH RESPECT TO PARTNERSHIP ITEMS.–No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c).

. . .