IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| DONALD L. DISMORE and BETTYE G. DISMORE | § | |
| | § | |
| Plaintiffs, | § | CIVIL NO. 04-1787T |
| v. | § | |
| | § | Judge Allegra |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO UNITED STATES' REQUESTS FOR ADMISSIONS and RESPONSE TO DOCUMENT PRODUCTION**

1. **Donald Dismore had no profit motive for obtaining a partnership interest in Coachella-85 Partners.**

   Denied. Doanld Dismore invested in Coachella-85 Partners with the intent of making a profit.

2. **Plaintiffs' settlement agreement with the IRS (the agreement which was related to partnership items of Coachella-85 Partners for the 1985 tax year and was accepted by the IRS on July 17, 1997) disallowed farming expenses reported by Coachella-85 Partners on its 1985 Form 1065, and resulted in the disallowance of $31,890 of such expenses reported by plaintiffs on their 1985 Form 1040.**

   Admit.

3. **Plaintiffs contend that the disallowances described above in request for admission #2. caused a restoration of basis in Donald Dismore's partnership interest in Coachella-85 Partners in the amount of $31,890.**

   Admit.

4. **Page 2 of Exhibit 2 in the Appendix to Defendant's Post-Oral Argument Supplemental Brief [Doc. #36] in this case reflects the content of the missing second page of plaintiffs' settlement agreement (described above in request for admission #2).**

   Admit.

R:\DOCS\TAXCONT.T\twwan226.di1.wpd



EXHIBIT 1

PENGAD-Bayonne, N. J.

**5. Plaintiffs contend that Coachella-85 Partners reported income on its Forms 1065 for tax years 1986 through 1995.**

Admit.

**6. Plaintiffs contend that Donald Dismore was allocated a distributive share of income from Coachella-85 Partners from 1986 through 1995.**

Admit.

**7. Donald Dismore never received a cash distribution from Coachella-85 Partners.**

Admit. Coachella-85 did not make and Donald Dismore never received a cash distribution from Coachella-85 Partners. The Tax Matters Partner and one of the general partners for Coachella-85 Partners has affirmed, in a Affidavit filed at Document #47-2 in *Nault v. United States*, Cause No. C-04-479-PB in the United States District Court for the District of New Hampshire, that Coachella-85 was worthless at the time it terminated in 1995 and that partnership did not make any distributions to any partners upon termination. A copy of that Affidavit is attached.

**8. Any cash distribution or distributions received by Donald Dismore from Coachella-85 Partners was/were less than the distributive share/s of income allocated to Donald Dismore from Coachella-85 Partners from 1986 through 1995.**

Objection to the form of the question. As admitted in the response to Request for Admission No. 7, Coachella-85 did not make and Donald Dismore never received a cash distribution from Coachella-85 Partners.

Respectfully,

Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Thomas E. Redding
Texas State Bar No. 16661300
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD M. NAULT<br><br>Plaintiff<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. C-04-479-PB |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REPLY AND SURREPLY IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Fred H. Behrens, upon oath, does depose and swear as follows:

1. I was the Tax Matters Partner ("TMP") for the AMCOR Partnerships, including those invested in by Richard M. Nault, Coachella-85 Partners, Coachella Fruit Growers, U.S. Farm Partners-86, Agri-Cal Venture Associates, and Agri-Venture-II (the "Five AMCOR Partnerships"), from inception until the Tax Court litigation involving the AMCOR Partnerships was settled in 2001.

2. The AMCOR Partnerships terminated during the late 1990s and early 2000s. Specifically, Coachella-85 Partners terminated in 1995, Coachella Fruit Growers in 1998, and U.S. Farm Partners-86, Agri-Cal Venture Associates, and Agri-Venture II all terminated in 2000.

3. Each of the AMCOR Partnerships was worthless at the time it terminated. At the time each of the Five AMCOR Partnerships terminated, no assets remained to be distributed to the partners nor was any partnership debt then outstanding Thus, upon termination of the Five AMCOR Partnerships, Mr. Nault did not receive any distributions from the Five AMCOR Partnerships nor was he relieved of his share of any debt of the Five AMCOR Partnerships.

No value remained in Mr Nault's interests upon the Five AMCOR Partnerships' terminations in the years stated.

Dated: September 21, 2006

/s/ Fred H. Behrens
Fred H. Behrens

STATE OF MINNESOTA
COUNTY OF RAMSEY

Sworn and subscribed before me, this 21st day of September, 2006.

/s/ Jacqueline A. Arias
Notary Public
Commission Expires: January 31, 2010

UNITED STATES TAX COURT
WASHINGTON, D.C.

CERTIFICATION

I, ROBERT R. DI TROLIO, Clerk of the United States Tax Court, do hereby certify that the document attached hereto is a true copy of the NOTICE OF ELECTION TO PARTICIPATE filed in the case of COACHELLA-85 PARTNERS, DANIEL F. VREELAND, A PARTNER OTHER THAN THE TAX MATTERS PARTNER at Docket No. 15057-91 in this Court, and that the original documents in that case are in my official custody and are on file in my Office.

IN TESTIMONY WHEREOF, my signature and the seal of the Court are affixed hereto at Washington, D.C., this 23rd day of June, 2005.

ROBERT R. DI TROLIO
Clerk of the Court

EXHIBIT
tabbies
2

UNITED STATES
TAX COURT
FILED
AUG 19 1991

RECEIVED
DOCKET ROOM
'91 AUG 19 P1:28

UNITED STATES TAX COURT

| | | |
|---|---|---|
| COACHELLA-85 PARTNERS, DANIEL F. VREELAND, A Partner Other Than the Tax Matters Partner, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent. | ) | Docket No. 15057-91 |

UNITED STATES
TAX COURT

NAI
ADM.
RECORDED
CR
SERVICE
C/S
BESP
CAL.
TRAN.
S.T. JUDGE
FILES

## NOTICE OF ELECTION TO PARTICIPATE

Donald Dismore and Edward M. Schkade, by their undersigned attorney, hereby elect to participate, pursuant to Section 6226(c)(2) of the Internal Revenue Code of 1986, as amended, (the "Code"), and Rule 245(b), Tax Court Rules of Practice and Procedure, in the above-entitled action for readjustment of partnership items.

Donald Dismore and Edward M. Schkade satisfy the requirements of Section 6226(d) of the Code, because they were partners during the applicable period for which readjustment of partnership items is sought and,

SERVED AUG 26 1991

if such readjustment is made, the tax attributable to such partnership items may be assessed against them.

Date: 8/19/91

K. Peter Schmidt

K. Peter Schmidt (SK0153)
ARNOLD & PORTER
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 872-6834

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing paper was served on Miles D. Friedman, Esquire, by mailing the same on this date in a postage-paid wrapper addressed to: Office of the District Counsel, Internal Revenue Service, P.O. Box C-15, Laguna Niguel, California 92607.

James P. Joseph
Attorney (JJ0376)

Date: 8/19/91

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing paper was served on Abraham N.M. Shashy, Jr., Chief Counsel, by mailing the same on this date in a postage-paid wrapper addressed to: Chief Counsel, Internal Revenue Service, Washington, D.C. 20224.

James P. Joseph
Attorney (JJ0376)

Date: 8/19/91

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing paper was served on Fred H. Behrens, Tax Matters Partner, by mailing the same on this date in a postage-paid wrapper addressed to: 52300 Enterprise Way, Coachella, CA 92236.

James P. Joseph
James P. Joseph
Attorney (JJ0376)

Date: 8/19/91

# United States Of America

**Department of the Treasury**
**Internal Revenue Service**

Date: FEB 3 2005

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: transcript of the taxpayer named therein in respect to the taxes specified, is a true and complete transcript for the period stated, of all assessments, penalties, interest, abatements, credits, refunds, and advance or unidentified payments relating thereto as disclosed by the records of this office as of the date of this certification consisting of 3 pages

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Charlotte Klein for

David Boose,
Field Director,
Submission Processing (Austin)

EXHIBIT
tabbies
3

Form **2866** (Rev. 09-1997)

# CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

DONALD L & BETTY G DISMORE EIN/SSN: [redacted]

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADJUSTED GROSS INCOME 195,117.00 | | | |
| | TAXABLE INCOME 131,187.00 | | | |
| | SELF EMPLOYMENT TAX 6,521.00 | | | |
| 10-17-1996 | RETURN FILED & TAX ASSESSED 18211-292-00901-6 199646 | 39,291.00 | | 11-25-1996 |
| 08-29-1995 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | | 43,000.00 | |
| 08-29-1995 | CORRECTION OF ESTIMATED TAX PAYMENT 1040 199412 [redacted] | | (43,000.00) | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE 08-15-1996 | | | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE 08-15-1996 | | | |
| 04-15-1996 | SUBSEQUENT PAYMENT | | 28,277.00 | |
| 04-15-1996 | EXTENSION OF TIME TO FILE EXT. DATE 10-15-1996 | | | |
| 10-17-1996 | PAYMENT WITH RETURN | | 13,996.00 | |
| | ESTIMATED TAX PENALTY 199646 | 2,145.00 | | 11-25-1996 |
| | INTEREST ASSESSED 199646 | 482.99 | | 11-25-1996 |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

DONALD L & BETTY G DISMORE EIN/SSN: [redacted]

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | FAILURE TO PAY TAX PENALTY 199646 | 330.42 | | 11-25-1996 |
| 11-25-1996 | REFUND | | (23.59) | |
| 11-25-1996 | UNDELIVERED REFUND CHECK REDEPOSITED | | 23.59 | |
| 02-23-1998 | REFUND | | (23.59) | |
| 05-19-1999 | RECEIVED POA/TIA | | | |
| 01-04-2005 | LEGAL SUIT PENDING | | | |

FORM 4340 (REV. 01-2002) PAGE 2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---

DONALD L & BETTY G DISMORE EIN/SSN: [redacted]

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040 TAX PERIOD: DEC 1995

---

BALANCE 0.00

---

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED, AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

---

SIGNATURE OF CERTIFYING OFFICER: *Janice Whitaker*

PRINT NAME: *Janice Whitaker*

TITLE: *Manager of Special Services Unit*

DELEGATION ORDER: *198 (Rev. 5)*

LOCATION: INTERNAL REVENUE SERVICE

ACCOUNT STATUS DATE 01/31/2005

FORM 4340 (REV. 01-2002) PAGE 3

UNITED STATES TAX COURT
WASHINGTON, D.C.

CERTIFICATION

I, ROBERT R. DI TROLIO, Clerk of the United States Tax Court, do hereby certify that the document attached hereto is a true copy of the DECISION issued in the case of COACHELLA-85 PARTNERS, FREDERICK H. BEHRENS, TAX MATTERS PARTNER at Docket No. 15057-91 in this Court, and that the original documents in that case are in my official custody and are on file in my Office.

IN TESTIMONY WHEREOF, my signature and the seal of the Court are affixed hereto at Washington, D.C., this 16th day of June, 2005.

ROBERT R. DI TROLIO
Clerk of the Court

EXHIBIT
4

UNITED STATES TAX COURT

| | | |
|---|---|---|
| COACHELLA-85 PARTNERS, FREDERICK H. BEHRENS, Tax Matters Partner, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 15057-91 |
| COMMISSIONER OF INTERNAL REVENUE, | ) | Judge Halpern |
| Respondent. | ) | |

**DECISION**

Pursuant to Rule 248(b) of the Tax Court Rules of Practice and Procedure and Respondent's Motion for Entry of Decision, it is

ORDERED AND DECIDED: That the following statement shows the adjustments to the partnership items of Coachella-85 Partners for the taxable year 1985, as set forth below:

**1985 Year**

**ADJUSTMENTS TO ORDINARY INCOME:**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Farming Expense Schedule F | $8,928,385.00 | $4,655,383.00 |
| Other Deductions | $ 163,066.00 | $ 163,066.00 |
| Capital Contributed during the year | $3,000,000.00 | $3,000,000.00 |
| Liabilities | $7,142,708.00 | $1,816,084.00 |

**TAX PREFERENCE ITEMS:**

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Qualified Investment Income | $ 2,365.00 | $ 2,365.00 |
| Qualified Investment Expense | $9,000,536.00 | $1,620,096.00 |



SERVED JUL 9 2001

Coachella-85 Partners
Docket No. 15057-91 2
Decision Document

OTHER ADJUSTMENTS:

| Partnership Item | As Reported | As Determined |
|---|---|---|
| Investment Interest Investment Income | $ 2,365.00 | $ 2,365.00 |

That the foregoing adjustments to partnership income and expense are attributable to transactions which lacked economic substance, as described in former I.R.C. § 6621(c)(3)(A)(v), so as to result in a substantial distortion of income and expense, as described in I.R.C. § 6621(c)(3)(A)(iv), when computed under the partnership's cash receipts and disbursements method of accounting;

That liabilities in the amount of $5,326,624 lack economic substance; and

That the assessment of any deficiencies in income tax that are attributable to the adjustments to partnership items for the year 1985 is not barred by the provisions of I.R.C. § 6229.

James S. Halpern

Judge

Entered: JUL 9 2001